IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS CASTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO.  2:21-CV-751-WKW |
| | ) |
| JOHN H. MERRILL, in his official Capacity as Alabama Secretary of State, | ) ) ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This is one of two federal lawsuits arising from the decennial reapportionment of Alabama's congressional districts and challenging Alabama's election districts for its seven seats to the United States House of Representatives.  Those new districts, which are based on the 2020 census data, are codified in Act 2021-555. The same day Act 2021-555 was signed by Governor Kay Ivey, Plaintiffs filed this action against the Alabama Secretary of State in his official capacity.  The complaint alleges that Act 2021-555 violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, "because it strategically cracks and packs Alabama's Black communities, diluting Black voting strength and confining Black voting power to one majority-Black district." (Compl. ¶ 1.) Plaintiffs seek declaratory and injunctive relief against the enforcement of Act 2021-555 and a new Alabama congressional plan that includes a second majority-Black congressional district.

A parallel lawsuit against the Alabama Secretary of State is pending in the United States District Court for the Northern District of Alabama. In that suit, different Plaintiffs challenge Alabama's congressional districts as violating the Fourteenth and Fifteenth Amendments to the United States Constitution. The lawsuit, which was filed on September 27, 2021, is proceeding on an amended complaint, and a three-judge court has been convened pursuant to 28 U.S.C. § 2284.

While a Section 2 challenge does not invoke a three-judge court, *see* § 2284(a), the underlying facts of both lawsuits, as well as the functional arguments, appear to be almost identical. Only the causes of action and potentially the remedies are different. At issue *sua sponte* is whether this action should be transferred to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). One obvious reason for a transfer is to avoid the possibility of incompatible rulings and conflicting outcomes, both in the liability determination and remedy, if any, arising from the same facts and arguments. Another reason is to conserve judicial resources.

Accordingly, it is ORDERED that the parties shall show cause, if any there be, on or before **November 15, 2021**, why this action should not be transferred to the Northern District of Alabama.

DONE this 8th day of November, 2021.

                                          /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE