FILED
2021 Nov-22 AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MARCUS CASTER, LAKEISHA CHESTNUT, BOBBY LEE DUBOSE, BENJAMIN JONES, RODNEY ALLEN LOVE, MANASSEH POWELL, RONALD SMITH, and WENDELL THOMAS,

Plaintiffs,

v.

JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,

Defendant.

Case No. 2:21-CV-1536-AMM

***CASTER* PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CONSOLIDATION**

## INTRODUCTION

Defendants continue to treat two separately filed and distinct claims as similar. The state has filed a motion to consolidate this proceeding ("*Caster*") with the *Singleton* three-judge proceeding. For the reasons explained below, Federal Rule of Civil Procedure 42 simply does not provide for such consolidation as the cases are properly pending before separate courts.

On November 4, 2021, moments after Alabama enacted its new congressional map, Plaintiffs filed a complaint in this Court challenging that map, HB 1, on the grounds that it strategically cracks and packs Alabama's Black communities, confining Black voting power to a single majority-Black district in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Because Plaintiffs assert only a statutory claim, this case was filed—and remains—before a single district court judge.

In the Northern District of Alabama, a different set of plaintiffs filed a very different challenge to the newly enacted plan. In that case, which bears the caption *Singleton v. Merrill*, No. 2:21-CV-01291-AMM, the plaintiffs allege that the plan is unconstitutional under the Fourteenth and Fifteenth Amendments to the U.S. Constitution because it fails to keep counties whole and was enacted with discriminatory intent. Am. Comp., *Singleton*, ECF No. 15. Because *Singleton* asserts constitutional claims, it is now properly before a three-judge court convened

pursuant to 28 U.S.C. § 2284(a).

On November 16, 2021, the Middle District of Alabama issued a *sua sponte* order transferring this case ("*Caster*") to the Northern District. Order, *Caster*, ECF No. 30. Defendants subsequently filed a motion in the *Singleton* matter asking the three-judge court in *Singleton* to consolidate the case with *Caster* on the mistaken basis that Rule 42 provides for such consolidation. Mot. to Consolidate Cases, *Singleton*, ECF No. 36. This Court subsequently issued an order granting the *Caster* plaintiffs until November 22, 2021, to respond to the *Singleton* motion. Mot. Deadline Order, *Caster*, ECF No. 36.

The Court should deny the state's motion to consolidate. *First*, *Caster* cannot be consolidated with *Singleton*. This is because *Singleton*, which brings a claim that arises from the U.S. Constitution itself, must be heard before a "district court of three judges," "convened" pursuant to 28 U.S.C. § 2284(a), while *Caster*, which brings only a statutory claim, falls outside the three-judge court statute. *Second*, even if the cases could be consolidated, efficiency interests still would not justify consolidation because the facts, evidence, witnesses, and arguments in each case will differ materially.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 permits a court to consolidate "actions before the court" that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Rule 42 allows for consolidation only where two cases are pending before the same court. *Id.*; *see also Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 273 (3d Cir. 1962).

## ARGUMENT

Defendants' motion is fatally flawed. Consolidating *Caster* with *Singleton* is not permissible under Federal Rule of Civil Procedure 42, which requires that two cases reside in the same court before they can be consolidated. While *Caster* is before an ordinary district court, *Singleton* is before a three-judge court constituted under 28 U.S.C. § 2284(a). But even if that were not the case, consolidation would still not be appropriate here where there is almost no overlap between the plaintiffs, facts, evidence, and witnesses related to each case. Indeed, the *Singleton* plaintiffs assert claims entirely distinct from the claim at issue here and therefore consolidation risks prejudicing the *Caster* plaintiffs' claims.

### I. *Caster* cannot be consolidated with *Singleton*.

*Caster* and *Singleton* cannot be consolidated because *Singleton* is pending before a special three-judge court with limited jurisdiction, and Rule 42 only permits the joinder of cases pending before the same court.

**A. Only cases pending before the same court may be consolidated.**

For two cases to be consolidated under Federal Rule of Civil Procedure 42(a), they must be pending before the same court. "[A] cause of action pending in one jurisdiction cannot be consolidated with a cause of action pending in another jurisdiction. Rule 42(a) . . . will not permit such a course." *Swindell-Dressler Corp.*, 308 F.2d at 273; *see also, e.g.*, *Pigott v. Sanibel Dev., LLC*, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007) (quoting Fed. R. Civ. P. 42(a)) (explaining consolidation is available only "[w]hen actions involving a common question of law or fact are pending before the court").

**B. *Singleton* is properly before a three-judge court convened under § 2284 and *Caster* is not.**

The rule against consolidating cases pending before different courts precludes consolidation of *Singleton* and *Caster*. *Singleton* brings constitutional challenges against Alabama's congressional plan, and therefore falls squarely within § 2284's three-judge court provision. *See* 28 U.S.C § 2284(a) ("A district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."). *Caster*, in contrast, brings only a statutory challenge and is properly before an ordinary district court. *Caster* therefore falls outside the scope of § 2284's three-judge court provision, because it does not "challeng[e] the constitutionality of the apportionment of congressional districts." *Id*.

Courts across the country have held that wholly statutory challenges to congressional redistricting plans are properly heard by an ordinary district court and do not fall within § 2284's provisions for the convening of a three-judge court. The Northern District of Alabama itself found as much when it rejected the state's request for a three-judge court in a near-identical case challenging the congressional plan under only Section 2 of the Voting Rights Act. *Chestnut v. Merrill*, 356 F. Supp. 3d 1351, 1354 (N.D. Ala. 2019) ("A claim solely alleging a Section 2 violation falls outside a plain reading of § 2284."); *see also Johnson v. Ardoin*, 2019 WL 2329319, at *3 (M.D. La. May 31, 2019) ("[Section 2284] applies only when the constitutionality of apportionment is being challenged."). Likewise, eleven judges of the Fifth Circuit came to the same conclusion when they addressed this issue, finding that § 2284 does not provide for the convening of a three-judge court to hear purely statutory challenges to congressional maps. *See Thomas v. Reeves*, 961 F.3d 800, 802 (5th Cir. 2020) (en banc) (Costa, J., concurring) (writing on behalf of six judges that § 2284 "require[s] a three-judge court only for constitutional challenges" to both state and federal maps); *id.* at 811 (Willett, J., concurring) (writing on behalf of five judges that although § 2284 may require a three-judge court for statutory challenges to state legislative maps, "only *constitutional* challenges to *federal* maps require three judges").

Moreover, the limitations on the convening of a three-judge court are jurisdictional. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Statutes "delineating the classes of cases . . . falling within a court's adjudicatory authority" therefore serve as limits on federal courts' "subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). That is exactly what § 2284 does in specifying which cases a three-judge court may be convened to hear. *See* 28 U.S.C. § 2284(a). As a result, where a case falls outside of § 2284(a), "there is no . . . jurisdiction" to convene a three-judge court to hear the case. *Wilson v. Gooding*, 431 F.2d 855, 858 (5th Cir. 1970); *see also Castañon v. United States*, 444 F. Supp. 3d 118, 128 (D.D.C. 2020) (referring to § 2284 as the three-judge court's "statutory jurisdictional grant"). And this limitation on the court's jurisdiction is closely guarded. "The three-judge district court is . . . an extraordinary court and technical requirements relating to its jurisdiction are to be strictly construed." *Jehovah's Witnesses in State of Wash. v. King Cnty. Hosp.*, 278 F. Supp. 488, 493 (W.D. Wash. 1967), *aff'd*, 390 U.S. 598 (1968); *see also Campos v. City of Hous.*, 968 F.2d 446, 451 (5th Cir. 1992) (explaining that "a three-judge court convened under Section 5" of the VRA and § 2284 "is a court of limited jurisdiction and limited authority"); *Sands v. Wainwright*, 491 F.2d 417, 421 (5th Cir. 1973) (quoting *Phillips v. United States*, 312 U.S. 246, 250 (1941)) (the three-judge court

requirement is "'a serious drain upon the federal judicial system'" and must "be narrowly construed"). Three-judge courts therefore may be "convened only where compelled by the express terms of the statute." *United States v. Tex.*, 523 F. Supp. 703, 725 (E.D. Tex. 1981). As such, they are to be used "only and strictly as Congress has prescribed." *Nixon v. Richey*, 513 F.2d 430, 446 (D.C. Cir. 1975).

To be sure, once the three-judge court's jurisdiction has been properly invoked in a case, it may be able to "exercise a brand of supplemental jurisdiction" over additional questions in that same case. *See Castañon*, 444 F. Supp. 3d at 128. Section 2284 courts have done so where a single set of plaintiffs brought *both* constitutional and Section 2 claims in the *same* case. *See, e.g.*, *Armour v. State of Ohio*, 775 F. Supp. 1044, 1046 (N.D. Ohio 1991). But that does not excuse the requirement that there be adequate statutory authority to place the case before the three-judge court in the first instance. Unlike in *Armour*, at issue here is not a single complaint with multiple claims but consolidation of two distinct cases, and *Caster* brings claims outside the jurisdictional reach of § 2284.

### C. The three-judge court in *Singleton* is a separate, standalone court from the U.S. District Court for the Northern District of Alabama.

For *Caster* to be consolidated with *Singleton*, it would therefore need to be transferred to the same court that is hearing *Singleton*. That would require transferring *Caster* to the *Singleton* three-judge court, because under a plain reading

of § 2284, the three-judge *Singleton* Court is a separate court entirely, not a mere arm or panel of the district court. Section 2284, however, does not allow for this.

Section 2284 creates an independent "district court of three judges" of limited jurisdiction to consider claims within its ambit, not a mere "panel" of an existing court. *See* 28 U.S.C. § 2284(a) ("A *district court* of three judges shall be convened . . . ."); *id.* § 2284(b) ("In any action required to be heard and determined by a *district court* of three judges . . . ."); *id.* § 2284(b)(1) (judges designated to serve "shall serve as *members of the court* to hear and determine the action or proceeding") (emphases added). Title 28 elsewhere carefully distinguishes between "panels" and "courts," as when it provides that "[i]n each circuit the *court* may authorize the hearing and determination of cases and controversies by separate *panels*, each consisting of three judges . . . ." 28 U.S.C. § 46(b) (emphases added). Had Congress sought for apportionment challenges to be heard by a three-judge panel of an existing district court, rather than convening a new three-judge district court, it could easily have said so.

Section 2284(b) reinforces this conclusion by providing rules for "the composition and procedure of the court" convened pursuant to § 2284(a) that differ from the composition and procedure of an ordinary district court. For instance, "the chief judge of the *circuit*"—notably, not the chief judge of the district court in which the case was initially filed—"shall designate two other judges, at least one of whom

shall be a circuit judge," 28 U.S.C. § 2284(b)(1) (emphasis added), a rule that ensures that the three-judge court will not be composed solely of judges from the district court in which the case is filed.[1] And while § 2284(b)(3) allows a single judge to conduct certain proceedings, it specifies that "[a]ny action of a single judge may be reviewed *by the full court* at any time before final judgment." *Id.* § 2284(b)(3) (emphasis added). This provision only makes sense if the three-judge district court is a separate "court," rather than an arm or panel of an existing district court. Otherwise, the statute would seem to empower only the entire district court—that is, all active judges of the district court in which the case was originally filed, *id.* § 132(b)—to review decisions made by a single judge in a three-judge case pursuant to § 2284(b). But the statute makes clear that it is only the three designated judges who must "serve as members of the court to hear and determine the action or proceeding." *Id.* § 2284(b)(1).

Section 2284's text thus demonstrates that a three-judge district court convened pursuant to that provision is a separate court from the ordinary district court in which the case was originally filed. Precedent confirms this conclusion. Three-judge courts have consistently held that "[t]he three-judge district court is . . . an extraordinary court and technical requirements relating to its jurisdiction are to

[1] Indeed, the *Singleton* Court is comprised of one judge from the Northern District Alabama, one judge from the Southern District of Alabama, and one judge from the Eleventh Circuit.

be strictly construed." *Jehovah's Witnesses*, 278 F. Supp. at 493. And they have explained that "[a] three-judge court does not exist until it has been created by the Chief Judge of the Circuit." *Hart v. Kennedy*, 314 F. Supp. 823, 824 (W.D. Okla. 1969). Each of those descriptions is consistent with § 2284's text in describing the three-judge court as a separate court, not just as a panel of the existing district court in which suit was filed.[2]

Thus, for *Caster* to be consolidated with *Singleton*, *Caster* would need to be transferred specifically to the three-judge court that is hearing *Singleton*. No such transfer is possible. Absent consent, a case may be transferred only to a "district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). Even if this statute authorizes transfer to a three-judge district court specially convened pursuant to § 2284, which is far from clear, it would not allow the transfer of *Caster* to the three-judge court in *Singleton* because *Caster* could not "have been brought" in that court, as it does not fall within § 2284's three-judge court provision. Thus, because § 2284 both *requires* that *Singleton* be heard by a three-judge court and *precludes*

---

[2] In a 1957 case, the Fourth Circuit stated without consideration of the statutory text that a "court of three judges is not a different court from the District Court, but is the District Court composed of two additional judges sitting with the single District Judge before whom the application for injunction has been made." *Jacobs v. Tawes*, 250 F.2d 611, 614 (4th Cir. 1957). That statement was dictum, as the court's holding turned on the scope of the three-judge court requirement, not on the relationship between the three-judge court and the district court in which suit was filed. *See id.*

*Caster* from being brought before such a court, no transfer of venue could possibly bring the two cases before the same "court" so as to allow consolidation.

For these reasons, Defendants' arguments that the three-judge *Singleton* court possesses broad federal question jurisdiction under 28 U.S.C. § 1331 cannot be reconciled with § 2284, which makes plain that the three-judge court's jurisdiction is limited to *constitutional* challenges to congressional apportionment schemes. Not only are Defendants asking this Court to ignore Congress's express jurisdictional limitations, *Mitchell v. Donovan*, 398 U.S. 427, 432 (1970) ("[T]he three-judge-court legislation is not a measure of broad social policy to be construed with great liberality, but is rather an enactment technical in the strict sense of the term and to be applied as such.") (internal quotation marks omitted), to adopt Defendants' arguments would be to strip § 2284 of all meaning, *Life Tech. Corp. v. Promega Corp.*, 137 S. Ct. 734, 740 (2017) ("Whenever possible . . . we should favor an interpretation that gives meaning to each statutory provision.").

## II. Even if the cases could be consolidated, consolidating *Singleton* and *Caster* would create confusion and prejudice the *Caster* Plaintiffs.

*Caster* and *Singleton* raise fundamentally different claims and neither the facts nor the arguments in the two cases overlap.[3] As such, consolidating the two actions

---

[3] Any risk of inconsistent rulings is minimized by the existing case schedules. *Singleton* has already been set for a preliminary injunction hearing nearly six weeks from now. Even proceeding on an expedited basis, there is little risk that this Court would issue a substantive ruling before the *Singleton* Court does.

will create confusion and prejudice the *Caster* Plaintiffs.

*Singleton* challenges the state's enacted congressional map on the basis that the inclusion of a majority-minority district is an unconstitutional racial gerrymander. *See*, *e.g.*, Am. Comp. at ¶¶ 1-3 *Singleton v. Merrill* (No. 2:21-cv-01291-AMM), ECF No. 15. *Singleton* also alleges that the map was enacted with discriminatory intent. *Id.* at ¶¶ 75-79. By contrast, Plaintiffs assert that Section 2 of the Voting Rights Act requires the creation of two majority Black congressional districts and do *not* bring any intent claims. Compl. at ¶¶ 89-95, ECF No. 3.

The applicable legal standards for these distinct claims will require primarily different evidence. *Singleton* will involve evidence of legislative intent and whether racial considerations predominated over other traditional redistricting criteria in the map-drawing process for the enacted plan. *See Abbott v. Perez*, 138 S. Ct. 2305, 2324-25 (2018). Discovery and evidence are likely to focus on examining legislative proceedings and the statements and motivations of legislators and map drawers. *Id.* In contrast, *Caster* will require no proof of legislative intent and will focus instead on expert testimony regarding the geographical distribution of Alabama's Black population and whether Black Alabamians are both sufficiently populous and geographically compact to form the majority of two congressional districts. *Ala. State NAACP v. Ala.*, 2020 WL 583803, at *9-10 (M.D. Ala. Feb. 5, 2020). Additional expert testimony will relate to whether voting in Alabama is racially

polarized such that Black Alabamians' candidates of choice are routinely defeated by white bloc voting. *Id.* at *27 ("[P]laintiffs must rely on expert testimony and statistical evidence to assess the voting patterns of minority and white voters."). Finally, *Caster* will involve the evaluation of the Senate Factors, which are unique to Section 2 claims. *Id.* at *10. In sum, the facts, witnesses, evidence, and arguments relevant to each case are distinct.[4] Accordingly, consolidating the two cases will prejudice the *Caster* plaintiffs by forcing them not only to litigate vigorous opposition from the state, but to navigate *Singleton*'s differing legal theories and evidence so that neither interferes with their claims.

For these reasons, consolidating *Caster* and *Singleton* would promote neither judicial efficiency nor the interests of justice.[5]

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for consolidation.

[4] To the extent there is any overlap of State's witnesses between the two cases, Plaintiffs are willing to coordinate related discovery with the *Singleton* parties. There is no need to consolidate the cases to serve this end.

[5] On November 19, 2021, the Western District of Texas issued an order consolidating several cases challenging Texas's apportionment plans. The court's order did not provide analysis of the arguments opposing consolidation presented here. Order, *LULAC, et al. v. Abbott, et al.*, 21-cv-00259-DCG-JES-JVB, ECF No. 22.

Dated: November 22, 2021

Respectfully submitted,

By /s/ *Richard P. Rouco*

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
Email: rrouco@qcwdr.com

Aria C. Branch*
Lalitha D. Madduri*
Joseph N. Posimato*
**Elias Law Group LLP**
10 G St. NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4518
Email: ABranch@elias.law
Email: LMadduri@elias.law
Email: JPosimato@elias.law

Abha Khanna*
**Elias Law Group LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177
Email: AKhanna@elias.law

*Attorneys for Plaintiffs*
**Admitted pro hac vice*