# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARCUS CASTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,<br><br>Defendant. | Case No.:   2:21-cv-1536-AMM |

## JOINT STATUS REPORT

Pursuant to this Court's Rule 16 Conference Order dated November 18, 2021 (ECF No. 37) and after conferring with each other and the parties from *Milligan v. Merrill* (No. 2:21-cv-1530-AMM), and *Singleton v. Merrill* (No. 2:21-cv-1291-AMM), the parties explain their positions with respect to the following issues:

**I.     Position of the Plaintiffs:**

1.     Plaintiffs oppose consolidation of this matter with *Singleton* and reserve their right to be heard before a single judge as their singular statutory claim falls outside of the scope of 28 U.S.C § 2284(a). *See* 28 U.S.C § 2284(a) ("A district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."). Plaintiffs rely on the arguments

and authorities presented in their response to the Court's show-cause order (ECF No. 28) and their concurrently filed Response to Defendants' Motion for Consolidation. For the purposes of the preliminary injunction proceedings, the *Caster* Plaintiffs are willing to coordinate discovery and any hearings associated with such discovery as necessary.

2.  The schedule previously entered by this Court in *Singleton* is not suitable for the *Caster* Plaintiffs insofar as the deadline for submitting any preliminary injunction motions and briefs in support thereof has now passed. *See Singleton* Prelim. Inj. Scheduling Order, ECF No. 29. Plaintiffs seek a preliminary injunction schedule that resembles the following:

| Event | *Caster* |
|---|---|
| Parties serve expert reports | 12/10/21 |
| Plaintiffs file PI Motion | 12/15/21 |
| Parties serve expert rebuttal reports | 12/20/21 |
| Defendant files Opposition to PI Motion | 12/22/21 |
| Plaintiffs file Reply ISO PI Motion | 12/30/21 |
| Close of limited discovery period | 12/23/21 |
| Submit stipulated facts, disputed facts, witness lists, exhibit lists, and any other PI-related motion to court | 1/5/22 |
| PI Hearing | 1/19/22 |

3.  The Plaintiffs believe that one to two days will be appropriate to conduct a fair and expeditious preliminary injunction hearing on their claim.

## II.    Position of the Defendants:

Counsel for Secretary of State John Merrill and counsel for Senator McClendon and Representative Pringle have consulted and jointly submit this same statement in the three cases involving a challenge to Alabama's Congressional districts. The *Singleton* Plaintiffs have filed their motion for preliminary injunction, and we understand that the Plaintiffs in *Milligan* and *Caster* each intend to file their own motion for preliminary injunction. Defendants contend that it is critical that the three motions travel on the same schedule and be heard together, and that this compressed pre-preliminary-injunction discovery process be carefully managed, in order for Defendants to have a fair opportunity to present their arguments in opposition.

1.    As evident from Defendants' filings on November 18, 2021, Defendants believe that *Caster* and *Milligan* can, and should, be consolidated with *Singleton*. Defendants rely on the arguments and authorities presented in their response to the Court's show-cause order in *Milligan* (doc. 17), their motion to dismiss or join necessary parties in *Singleton* (doc. 33), and their motion to consolidate in *Singleton* (doc. 36). While we understand the *Milligan* Plaintiffs to favor consolidation only for purposes of all or part of the preliminary injunction proceedings, Defendants contend that the cases should be consolidated for the entirety of the litigation.

A district court of three judges in the Western District of Texas took precisely this action on November 19, 2021, consolidating multiple redistricting actions even though at least one action involved plaintiffs who pleaded solely a violation of the VRA. *See LULAC v. Abbott*, 1:21-cv-00965 (W.D. Tex) (Doc. 22). The plaintiffs who had filed the action *Voto Latino v. Scott* argued that their action involved only "a purely *statutory* challenge" to Texas's maps, *see LULAC*, Doc. 14 at 1, but the district court determined that consolidation was proper and that "the three-judge panel … will decide all matters." *LULAC*, Doc. 22 at 8. (It further appears that the Plaintiffs in *Voto Latino* have asked for reconsideration of an order for the convening of a three-judge court to hear the Section 2 claim, *see Voto Latino*, Doc. 14 (Nov. 14, 2021)).

2.      Concerning the schedule, any schedule aiming toward a hearing in January will of course be difficult for all parties, as well as the Court. Of the schedules discussed, Defendants favor the schedule proposed by the *Milligan* Plaintiffs in their response to the Court's show-cause order (*Milligan* doc. 18 at page 6).[1] Defendants note that the *Milligan* Plaintiffs request a hearing for the week of January 10 and understand that the *Caster* Plaintiffs request a hearing the week of

---

[1] The *Milligan* Plaintiffs request that the parties exchange expert reports on December 10; discovery end on December 17; motions for preliminary injunction filed on December 15; objections to the motions on December 22; pretrial report with stipulated facts, witness lists, and exhibit lists on December 23; and a hearing date on January 10.

4

January 17. Defendants assert no preference between the two. Defendants do not object to the later date but note that they intend to argue that the equities do not favor entering a preliminary injunction even today, because of the closeness to the election, and that the equities tilt further in Defendants' favor as more time passes.

For any schedule to work, however, there should be some limits on discovery. With three different sets of Plaintiffs potentially seeking discovery in the tight window when Defendants need to be drafting their opposition and making their own record, Defendants could quickly get overwhelmed. It would be unduly burdensome, for instance, for Defendants to respond to three sets of multiple requests for production, while preparing multiple witnesses for deposition and defending their depositions, all while preparing oppositions to Plaintiffs' motions. Moreover, many (if not most) preliminary injunction motions are heard before there is any discovery.

There may be many different ways to take care of this concern. For example, there could be strict limits to depositions and written discovery requests, or an understanding that there will be strict two-hour time limits on depositions, or no depositions except where a party does not intend to call the witness to testify live at the preliminary injunction hearing. Or, because it will simply not be possible for Defendants to depose all the experts the different groups of Plaintiffs will likely present on multiple topics, perhaps we could agree that no experts will be deposed before the hearing, but that they will be made available for cross-examination at the

hearing (so that no party is disadvantaged). Instead of making a specific suggestion, Defendants request the opportunity to discuss this concern with the Court at the upcoming conference to see if the Court has a preference for the best way to balance the need to gather information and build a record against the interest of ensuring that all parties have a fair opportunity to present their case.

    3.    Defendants believe that it will take at least three days for all three preliminary injunction motions to be heard.

Respectfully submitted this 22nd day of November, 2021.

/s/ Richard P. Rouco
Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com

Aria C. Branch*
Lalitha D. Madduri*
Joseph N. Posimato*
Olivia N. Sedwick**
**Elias Law Group LLP**
10 G St. NE, Suite 600 Washington, D.C. 20002 Phone: (202) 968-4518
ABranch@elias.law
LMadduri@elias.law
JPosimato@elias.law
OSedwick@elias.law

Abha Khanna*
**Elias Law Group LLP** 1700 Seventh Ave, Suite 2100 Seattle, WA 98101 Phone: (206) 656-0177
AKhanna@elias.law
*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*
*\*\* Pro Hac Vice Application Forthcoming*
*Counsel for Plaintiffs*

/s/
Edmund G. LaCour Jr.
James W. Davis
A. Reid Harris
Brenton M. Smith
Benjamin M. Seiss
Alexander Barrett Bowdre
Misty Shawn Fairbanks Messick
Thomas Alexander Wilson
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
(334) 242-7300
(334) 353-8400 (fax)
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Barrett.Bowdre@alabamaAG.gov
Misty.Messick@AlabamaAG.gov
thomas.wilson@alabamaAG.gov

*Counsel for Secretary of State Merrill*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Richard P. Rouco
Richard P. Rouco
(AL Bar. No. 6182-R76R)

*Counsel for Plaintiffs*