FILED

2021 Nov-30  PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCUS CASTER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-01536-AMM |
| | ) | |
| JOHN MERRILL, in his official | ) | |
| capacity as Alabama Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant John Merrill, Alabama Secretary of State, for his Answer to Plaintiffs' Amended Complaint (doc. 15), states as follows:

## Answer to Numbered Paragraphs

Defendant responds as follows to the numbered paragraphs in Plaintiffs' complaint, and denies each allegation that is not expressly admitted:

1.   Admitted that Plaintiffs allege that Alabama's Congressional maps violate Section 2 of the Voting Rights Act. Otherwise denied.

2.   Denied.

3.   Denied.

4.   Denied.

5.    Admitted that Plaintiffs seek the relief requested. Denied that they are entitled to such relief.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted that venue was proper in the original forum of the Middle District of Alabama. Defendant consented to venue in the Northern District in another challenge to Alabama's 2021 congressional districts, and Defendant therefore admits that venue is also proper in the Northern District for such claims.

10.    Admitted that this Court has such authority generally. Denied that Plaintiffs are entitled to such relief.

11.    Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status.

12.    Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

13.    Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

14.     Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

15.     Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

16.     Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

17.     Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

18.     Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

19.     Defendant lacks sufficient information to admit or deny allegations concerning Plaintiffs' citizenship or voter registration status. The remaining allegations are denied.

20.     Admitted that Secretary of State John Merrill is sued in his official capacity and is Alabama's chief election officer. Further admitted that he is responsible for providing uniform guidance for election activities.

21.     The statute quoted speaks for itself and no response is required to allegations of law. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted portions of the statute.

22.     The decision quoted speaks for itself and no response is required to allegations of law. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted portions of the decision.

23.     The decision quoted speaks for itself and no response is required to allegations of law. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted portions of decision.

24.     Admitted that case law requires courts to consider the totality of the circumstances. Denied that the judicially created test is lawful or probative, and denied that the "Senate Factors" have any force of law.

25.     Admitted that Plaintiffs have accurately listed the "Senate factors." Denied that the "Senate Factors" have the force of law or are probative.

26.     The decision quoted speaks for itself and no response is required to allegations of law. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted portions of decision. Otherwise denied..

27.     Denied.

28.     Admitted that because of the Census Bureau's unlawful delay in releasing census data to the States, there was less time this year to draw plans than in prior redistricting cycles. Otherwise denied.

29.     Admitted that committee staff was involved in drafting the plan and that no "functional or racial polarization analyses" were performed with respect to the congressional plan. Otherwise denied.

30.     Denied.

31.     Admitted that the Reapportionment Committee approved the draft plans. Otherwise denied.

32.     Admitted that the Legislature met in special session beginning October 28, 2021 to consider the plans, and admitted that the congressional plan passed the House on November 1 and the Senate on November 3. Admitted that some legislators criticized the plans. Otherwise denied.

33.     Admitted.

34.     Admitted that the congressional plan includes one majority-Black district and that CD7 is majority-Black voting age population. Otherwise Defendant lacks sufficient information to admit or deny the allegations.

35.     Admitted.

36.     Denied.

37.    Admitted that Alabama's population increased by approximately 5.1%. Otherwise denied.

38.    Denied.

39.    Admitted that there are separate and distinct communities containing Black voters in Districts 1, 2, and 3. Admitted that CD3 contains Macon County, that CD2 includes portions of Montgomery County, and that CD1 includes Mobile County. Otherwise Defendant lacks sufficient information to admit or deny the allegations.

40.    Admitted that the Black Belt region includes several majority-Black counties. Otherwise denied.

41.    Admitted that one source includes the counties listed as "Black Belt" counties and that other nearby counties have large Black populations.

42.    Admitted that CDs 1, 2, 3, and 7 include counties that some have counted as "Black Belt" counties or include nearby counties.

43.    Denied.

44.    Denied.

45.    Admitted that in Alabama as a whole, a majority of white voters tend to support Republican candidates in most elections, and that a majority of Black voters tend to support Democratic candidates in most elections. Denied that state-

wide polarization proves polarization in any particular location in Alabama. Otherwise denied.

46.    Admitted.

47.    Defendant lacks sufficient information to admit or deny the allegations.

48.    The cited decisions speak for themselves. Denied that a decision from decades ago about polarized voting in one part of the State is probative of the matter today or in other parts of the State.

49.    The cited decisions speak for themselves. Denied that a decision from decades ago about polarized voting in one part of the State is probative of the matter today or in other parts of the State.

50.    The cited decision speaks for itself. Denied that the decision is probative to this case.

51.    Denied.

52.    Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

53.    Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

54.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

55.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

56.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

57.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

58.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

59.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

60.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

61.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

62.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

63.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

64.     Admitted.

65.     Admitted.

66.     Denied.

67.     Denied.

68.     Admitted that such suits have been filed. Denied that the filing of the suits is relevant. For example, in one of the cases that Plaintiffs say is a suit over "racially discriminatory voting practices," this Court and the Eleventh Circuit Court

of Appeals held that Plaintiffs presented no evidence of discriminatory intent or effect.

69.     Denied.

70.     Defendant neither denies nor defends past discrimination in Alabama. Denied that conditions remain the same or that Alabama has a recent history of racial discrimination.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Admitted that a legal challenge was filed and that a court held that the Alabama Legislature incorrectly assessed its obligations under Section 5 in drawing 12 of 140 State legislative districts. Denied that the court found any evidence of discriminatory intent.

75.     Defendant lacks sufficient information to admit or deny the allegations.

76.     Defendant lacks sufficient information to admit or deny the allegations.

77.     Defendant lacks sufficient information to admit or deny the allegations.

78.     Denied.

79.     Admitted.

80.     Admitted.

81.     Defendant lacks sufficient information to admit or deny the allegations.

82.     Admitted that Roy Moore, twice removed from office and rejected by voters in his last campaign, was quoted as saying such things.

83.     Denied.

84.     Admitted, except that Defendant denies the allegation that 27.2% Alabama's population is Black. Defendant reject Plaintiffs' apparent assumption that any person who identifies as mixed-race—both Black and white, for example—must be considered Black and not white.

85.     Admitted that an African American was elected to Congress from Alabama after creation of a majority-Black district in 1992. Admitted that CD7 has consistently elected African American since 1992.

86.     Admitted that in the past 30 years, no more than one African American has been elected to Congress from Alabama at a time. Otherwise denied.

87.     Admitted that no African American currently serves in a State-wide office and that the two who have been elected (to the Alabama Supreme Court) were first appointed to the Court.

88.     Denied. Defendant avers that Kenneth Paschal, an African American, was elected as a Republican in a district that has a voting age population that is approximately 69% white and 14% Black.

**Count I**

89.     Defendant adopts and incorporates the foregoing paragraphs.

90.    The cited statute speaks for itself.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

**Prayer for relief:** Defendant denies that Plaintiffs are entitled to any relief.

## General Denial

Defendant denies each and every allegation in Plaintiffs' Complaint that is not expressly admitted above.

## Additional Defenses

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs have no lawful remedy.

3.    The congressional districts plaintiffs propose are inconsistent with traditional districting criteria and fail to properly defer to the Legislature's primary role in the redistricting process.

4.    The relief sought by Plaintiffs would involve an unconstitutional racial gerrymander because they request a map in which racial considerations predominate over traditional redistricting criteria.

5.     To the extent plaintiffs seek relief before the 2022 elections, it would be inequitable to afford them relief so soon before the elections.

6.     Plaintiffs seek inappropriate relief, including relief that is not within the Secretary of State's authority to accomplish.

7.     Plaintiffs have failed to join necessary parties.

8.     The Legislature drew districts without consideration of race and is not guilty of racial gerrymandering or intentional discrimination.

9.     Plaintiffs' complaints about the timing of the redistricting process are attributable to the Census Bureau's considerable delays in delivering districting data as statutorily required.

10.    The relief Plaintiffs request is against the public interest.

11.    Section 2, properly construed, does not support a claim for vote dilution based on a challenge to a districting plan.

12.    To the extent that Section 2 requires Alabama to draw districts with consideration of race, Section 2 is unconstitutional.

13.    To the extent that Section 2 requires Alabama to draw districts that violate traditional districting criteria, Section 2 is unconstitutional.

14.    To the extent that Section 2 permits a finding of liability without proof of intentional discrimination, Section 2 is unconstitutional.

15.    Alabama neither "cracked" nor "packed" minority voters in its congressional districts.

16.    If Section 2 permits the relief Plaintiffs request, or recognizes the claim Plaintiffs assert, Section 2 is not proportional and congruent.

17.    Section 2 does not provide a private right of action.

18.    Plaintiffs fail to satisfy the three *Gingles* requirements.

19.    The totality of the circumstances do not support a claim of vote dilution.

20.    Any alleged vote dilution is not on account of race or color.

21.    To the extent that Section 2 requires a court to assume that polarized voting is evidence of racial bias, Section 2 is unconstitutional.

22.    To the extent that Section 2 requires a court to assume that a white voter's support of Republican candidates is evidence of racial bias, Section 2 is unconstitutional.

Done this 30th of November, 2021.

*Respectfully Submitted,*

Steve Marshall
*Attorney General*

/s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)

Benjamin M. Seiss (ASB-2110-O00W)
 *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
***Counsel for Secretary Merrill***

## CERTIFICATE OF SERVICE

I certify that on November 30, 2021, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ James W Davis
Counsel for Secretary Merrill