FILED

2021 Dec-20  AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS CASTER,** *et al.*,     ) | |
| ) | |
| **Plaintiffs,**     ) | |
| ) | **NO. 2:21-CV-1536-AMM** |
| **v.**     ) | |
| ) | |
| **JOHN H. MERRILL,** *in his official* ) | |
| *capacity as Alabama Secretary of* ) | |
| *State*,     ) | |
| ) | |
| **Defendant.**     ) | |

### SEN. MCLENDON AND REP.
### PRINGLE'S MOTION TO INTERVENE

Come now Senator Jim McClendon and Representative Chris Pringle, Senate and House Chairs of the Alabama Legislature's Permanent Legislative Committee on Reapportionment, and pursuant to Rule 24, *Fed.R.Civ.P.,* move this Court for leave to intervene in their official capacities as defendants in this action. As grounds for this motion, Sen. McClendon and Rep. Pringle (collectively "the Committee Chairs") show the following:

### INTERVENORS

1.  Sen. Jim McClendon is a citizen of the State of Alabama and a resident of St. Clair County, Alabama, where he is a registered voter. Sen. McClendon represents the 11th Senate District (Shelby, St. Clair, and Talladega Counties) in the Alabama Legislature. Sen. McClendon is the Senate Chairman of the

Permanent Legislative Committee on Reapportionment. After the 2010 Census, Sen. McClendon served as House Chair of the Committee.

2.    Rep. Chris Pringle is a citizen of the State of Alabama and a resident of Mobile County, Alabama, where he is a registered voter. Rep. Pringle represents the 101st House District (Mobile County) in the Alabama Legislature. Rep. Pringle is the House Chairman of the Permanent Legislative Committee on Reapportionment. Sen. Pringle has previously served on the Committee.

THE REAPPORTIONMENT COMMITTEE

**3.**   The Alabama Legislature created the Permanent Legislative Commitment on Reapportionment ("the Reapportionment Committee") to "prepare for and develop a reapportionment plan[1] for the [State of Alabama]." Ala. Code §§ 29-2-50 to -52. The Reapportionment Committee engages in activities necessary for the "preparation and formulation of a reapportionment plan" and the "readjustment or alteration of the Senate and House districts and of congressional districts of the [S]tate [of Alabama]." § 29-2-52(c). The Reapportionment Committee is authorized "to do and perform any acts that may be necessary, desirable, or proper to carry out the purposes and objectives" for which it was created, including "request[ing] and receiv[ing] from any court … of the

---

[1] The term "reapportionment plan" as used in §§ 29-2-50 to -52 has without exception been interpreted by the Legislature and the State of Alabama to include redistricting. The Reapportionment Committee prepares four state-wide redistricting plans: Congressional, Alabama Senate, Alabama House, and State Board of Education.

state … such assistance … as will enable it to properly carry out its powers and duties ….” §29-2-52(e) and (h). As Chairs of the Reapportionment Committee, the Committee Chairs oversee operation of the Legislature's Reapportionment Office. The challenged new Congressional Plan, known initially as HB 1 was prepared in the Reapportionment Office and was approved by the Reapportionment Committee before being introduced in the Legislature.

## INTERVENTION IN THE LITIGATION

4.      Plaintiffs challenge HB 1 as a racially discriminatory exercise in vote dilution. (ECF No. 3, Complaint, ¶¶90-95.)

5.      As relief, Plaintiffs seek:

> a.   a declaration that HB 1 violates the Voting Rights Act;
>
> b.   an injunction against implementing HB 1;
>
> c.   a hearing and other action necessary to replace HB 1 with “a valid congressional plan that includes a second majority-Black congressional district in Alabama”; and
>
> d.   other relief as appropriate.

*Id., pp. 30-31, Prayer for Relief.* Judging from the Complaint, Plaintiffs envision no role for the Committee, or even the Legislature itself, in drawing new congressional districts, should such be required.

## LEGAL ANALYSIS AND ARGUMENT SUPPORTING INTERVENTION OR PARTICIPATION BY THE COMMITTEE CHAIRS IN THIS ACTION

6.     The Committee Chairs should be permitted to intervene in this action in their official capacities as of right under Rule 24 (a)(2), which says:

> (a) On a timely motion, the court must permit anyone to intervene who:
> ...
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

7.     The Chairmen's motion is timely. The Complaint, ECP No. 3, was filed on November 4, 2021. Since then, nothing substantive has happened in the case. Intervention by the Committee Chairs will not delay or impede the case.

8.     The Committee Chairs have the requisite interest. Alabama has exclusive responsibility for redistricting its Congressional districts. *Growe v. Emison*, 507 U.S. 25, 34 (1993) (acknowledging that the federal constitution vest States with "primary responsibility for apportionment of their federal congressional and state legislative districts").   Within Alabama government, this responsibility is the exclusive responsibility of the Legislature. And as shown, the Legislature has delegated to the Reapportionment Committee responsibility for preparing new Congressional Districts. The relief sought by Plaintiffs-enjoining use of the new State's new Congressional Districts and replacing them with Court ordered ones-would necessarily impair and impede the Chairmen's ability to protect the Reapportionment Committee's interest in conducting Congressional redistricting.

Plaintiffs seek to wrest from the Legislature exclusive authorship of the State's congressional districts.

9.      No other party adequately represents the Chairmen's interest. Secretary of State Merrill is in the Executive branch of Alabama's government. He has no authority to conduct redistricting, and consequently has no experience in redistricting. His relevant duties are to administer elections. The Legislature, via its Reapportionment Committee, not the Secretary of State, is the real party in interest in this case.

10.      For these reasons, the Court should grant the Committee Chairs' motion for leave to intervene as of right.

11.      Alternative, the Committee Chairs should be allowed permissive intervention. As to permissive intervention, Rule 24 says:

> (b)(1) On a timely motion, the court may permit anyone one to intervene who:
> ...
> (B) has a ... defense that shares with the main action a common question of law or fact.

12.      The Committee Chairs have defenses that "share[] with the main action a common question of law or fact." In their official capacities, the Committee Chairs seek intervention to assert both factual and legal defenses in support of the constitutionality and lawfulness of HB 1, just as defendant Secretary of State John Merrill has and intends to do.

13.      Sen. McClendon and Rep. Pringle are uniquely positioned to present such legal and factual defenses because of their leadership of the Reapportionment

Committee when the Congressional Plan was prepared in that office, approved by the Reapportionment Committee, and passed by the Legislature. In addition, given their leadership of the Reapportionment Committee, the Committee Chairs would be critical participants if the Court were to order remedial redistricting. Intervention by the Committee Chairs would assure their ability to participate in Court-ordered, remedial redistricting, were such necessary.

14.     Moreover, Sen. McClendon and Rep. Pringle have a significant interest[2] in defending and upholding HB 1 and being involved in any Court-ordered, remedial redistricting for three important reasons.

15.     First, interference by this Court with state legislative districting would "represent[] a serious intrusion on the most vital of local functions." *Miller v. Johnson,* 515 U.S. 900, 915 (1995). The manner in which a state legislature is districted and apportioned "is primarily the duty and responsibility of the State," *Chapman v. Meier*, 420 U.S. 1, 27 (1975), and within the state, it "'is primarily a matter for legislative consideration and determination.'" *Connor v. Finch*, 431 U.S. 407, 414 (1977) (quoting *Reynolds v. Sims*, 377 U.S. 533, 586 (1964).

16.     Second, the Alabama Legislature, and its individual members, have "a judicially cognizable interest in matters affecting its composition" and have justiciable, institutional interest in ensuring that the congressional districts in

---

[2] While interest in the subject matter of the action is an element of intervention as of right under Rule 24(a), Fed.R.Civ.P., the interests of Sen. McClendon and Rep. Pringle in these cases provides support for their permissive intervention as well.

Alabama are composed in a constitutionally lawful manner. *United States House of Representatives v. United States Department of Commerce*, 11 F. Supp. 2d 76, 86-87 (D.C. 1998) (three-judge court). In *House of Representatives*, the three-judge court acknowledged this very point: "[A] legislative body has a personalized and concrete interest in its composition...." Id. This is a uniquely legislative concern that diverges from the narrower interest of the other parties in a redistricting case, who each generally wants to achieve for herself, himself, or itself the "greatest possible participation in the political process." *Cleveland County Association for Government by the People v. Cleveland County Board of Commissioners*, 142 F.3d 468, 474 (D.C. Cir. 1998) (quoting *Meek v. Metropolitan Dade County*, Fla., 985 F.2d 1471, 1478 (11th Cir. 1993)).

17.   Third, Sen. McClendon and Rep. Pringle have a significant interest in defending and upholding HB 1 as the persons elected to hold their respective offices. *See Johnson v. Mortham*, 915 F. Supp. 1529, 1537-38 (N.D. Fla. 1995) (three-judge court) (permitting Congresswoman to intervene under Rule 24(a) based on her "personal interest" in her office).

18.   Without intervention, Sen. McClendon and Rep. Pringle will not be able to protect their interests as Chairs of the Committee and as state legislators.

19.   If not allowed intervention as or right, the Committee Chairs should be permitted to intervene pursuant to Rule 24(b), Fed.R.Civ.P. *See, e.g., Graham v. Thornburgh*, 207 F. Supp. 2d 1280, 1285 (D. Kan. 2002) (in action challenging the plan for apportionment of the United States congressional districts within the

State of Kansas, district court permitted state legislator and Chairman of the House Redistricting Committee, who appeared "on behalf of himself as a legislator and as Chairman of the House Redistricting Committee" to intervene pursuant to Rule 24(b), Fed.R.Civ.P.); *Scott v. United States Department of Justice,* 920 F. Supp. 1248, 1250 (M.D. Fla. 1996) (granting intervention by both houses of Florida's Legislature in a legislative districting case).

20.    Granting this motion would be consistent with decisions in other redistricting cases that have allowed the Committee Chairs to intervene. **Ex. A** *(Singleton v. Merrill,* No. 2:21-cv-1291-AMM (N.D. Ala. 2021), ECF No. 32 (order granting the Committee Chairs' motion to intervene for "many of the reasons offered" in the motion filed in that case, which is substantively the same as this motion); **Ex. B,** *(Alabama Legislative Black Caucus v. The State of Alabama v. The State of Alabama,* No.  2:12-cv-691 (M.D. Ala. 2013) consolidated with *Newton v. The State of Alabama*, No. 2:12-cv-1081, ECF 90 (M.D. Ala. 2013)(order allowing the then-Committee chairs to intervene without specifying on what basis).

21.    Intervention by the Committee Chairs will not unduly delay or prejudice the adjudication of the original parties' rights. See *Rule 24(b)(3), Fed.R.Civ.P.*

22.    Counsel for Sen. McClendon and Rep. Pringle is authorized to represent to the Court that defendant Secretary of State Merrill does not oppose this motion and the Plaintiffs take no position on it.


## STATEMENTS RELATING TO INTERVENTION

1. The undersigned is authorized to state that defendant Merrill does not oppose this motion, and that the *Caster* plaintiffs take no position on it.

2. As required by Rule 24(c), attached as **Exhibit A** and conditionally filed with this motion is the proposed Answer of the Committee Chairs.

## CONCLUSION

Based on the foregoing, pursuant to Rule 24, *Fed.R.Civ.P.*, Sen. McClendon and Rep. Pringle request that Court grant this motion and give them leave to intervene as defendants in this action.

Respectfully submitted this 20th day of December, 2021.

*s/ Dorman Walker*

**OF COUNSEL**:

Dorman Walker (ASB-9154-R81J)
Email: dwalker@balch.com
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*s/ Dorman Walker*
Of Counsel