ACLU

SOUTHERN REGIONAL OFFICE

44 Forsyth Street NW
Suite 202
Atlanta, GA 30303
(404) 523-2721

Laughlin McDonald
DIRECTOR

Neil Bradley
ASSOCIATE DIRECTOR

Kathleen L. Wilde
STAFF COUNSEL

Mary E. Wyckoff
PALMER WEBER COUNSEL

Jim Grant
PARALEGAL

National Headquarters
132 West 43 Street
New York, NY 10036
(212) 944-9800

Nadine Strossen
PRESIDENT

Ira Glasser
EXECUTIVE DIRECTOR

March 25, 1992

VIA FAX AND UNITED STATES MAIL

John Tanner
United States Department of Justice
Civil Rights Division - Voting Section
P.O. Box 66128
Washington DC 20035

    Re: Alabama Congressional Reapportionment
        COMMENT UNDER SECTION 5

Dear Mr. Tanner:

As you know, the Southern Regional Office of the ACLU has a long history of supporting the rights of black citizens to racially fair apportionment plans, as required by the Voting Rights Act, and has an ongoing interest in and support of those efforts throughout the country. In that capacity, I submit the following comments in support of the position of attorney John England and the group of black citizens in the State of Alabama, and join in asking that the Department of Justice enter an immediate objection to the State's congressional reapportionment plan.

As you are no doubt aware, it is possible to create two majority black Congressional districts in the State of Alabama. At least two alternative configurations have been drawn which do so. One plan, drawn by Selwyn Carter of the Southern Regional Council (SRC) on the State's computer system in January of this year, had one district at 65.01% black population (60.66%BVAP) and a second at 55.86%BPOP/51.85%BVAP.[1] Another plan, known as the "Hilliard Plan Zero," drew two districts at 59.51%BPOP/ 55.14%BVAP and 61.91%BPOP/57.68%BVAP. This second plan was introduced at the time

---

[1] Since the State's computer "froze" on that plan, a final map with "zero deviation" was never generated. However, it is my understanding that Mr. Carter has now redrawn that plan, within zero deviation, and that the same will be FAX'd to you either tonight or tomorrow morning.

John Tanner
March 25, 1992
Page Two

of the court proceedings in <u>Wesch, et al. v. Hunt, et al.</u>, Civil Action No. 91-0787-BH (1992), and was known to the State at the time the plan now pending before you was adopted. It is my understanding that these alternatives are not materially stranger than the districts adopted by the State in the plan now before you.

The State, however, refused to adopt a plan creating two majority black districts. The comment letter submitted to you by the Alabama New South Coalition recites first hand evidence of a racial motivation on the part of the Lt. Governor and the President Pro Tem of the Alabama State Senate. Under the circumstances, the State cannot carry its burden of proving that the plans are free from racially discriminatory purpose.

Further, as the Department is well-aware from its recent involvement in the Alabama judicial case, voting in the State is severely racially polarized and the black community is politically cohesive. Under those circumstances, the failure of the State to draw two majority black districts results in a clear violation of Section 2 of the Voting Rights Act.

The timing in this case is particularly critical. The three-judge court in <u>Wesch v. Hunt</u> entered an interim remedial plan which will go into effect at noon on March 27, 1992. That plan, like the State's, has only <u>one</u> majority black district and thus results in serious dilution. Unless the Department enters an objection before that time, requiring the State to create a second majority black Congressional district, it will be virtually impossible to prevent the 1992 elections from being held under a racially discriminatory plan.

We therefore join the black intervenors in strongly urging you to interpose an immediate objection to the pending submission.

Please feel free to contact me if I can be of any assistance in this matter.

Yours sincerely,

Kathleen L. Wilde

cc: John England
    Mark Packman

SOS007080