IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS CASTER, LAKEISHA CHESTNUT, BOBBY LEE DUBOSE, BENJAMIN JONES, RODNEY ALLEN LOVE, MANASSEH POWELL, RONALD SMITH, and WENDELL THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN H. MERRILL, in his official capacity as Alabama Secretary of State, <br><br> Defendant, <br><br> and <br><br> CHRIS PRINGLE and JIM McCLENDON, <br><br> Intervenor-Defendants. | Case No. 2:21-CV-1536-AMM |

***CASTER* PLAINTIFFS' PROPOSED REMEDIAL PROCESS**

The Court requested that the parties provide their respective positions on two issues. First, the Court requested that the parties propose special masters to oversee the mapdrawing process should the Legislature fail to timely enact a lawful remedial plan. *See* ECF No. No. 101 at 7 (ordering Legislature to adopt a remedial plan by February 7, 2022). Second, the Court requested that the parties inform the Court of their amenability to a remedial process wherein Randy Hinaman—the Legislature's mapdrawer for the last two decades, who drew the map that this Court enjoined—draw the remedial plan with the supervision of a Special Master and in consultation with the Plaintiffs' respective mapping experts, Mr. Bill Cooper and Dr. Moon Duchin.

First, *Caster* Plaintiffs propose that the Court engage Dr. Nathaniel Persily as a Special Master. Dr. Persily is a professor at Stanford Law School and has served as a Special Master in numerous redistricting cases in federal and state courts across the country. Second, for the reasons explained below, *Caster* Plaintiffs oppose the engagement of Legislative Defendants' mapdrawer in the Court's remedial process, and instead propose a judicial process that invites proposals and collaboration among all the parties, as set forth below.

I.  **Special Master**

Plaintiffs recommend the Court engage Dr. Nathaniel Persily to serve as

1

Special Master.[1] Dr. Persily is highly experienced and qualified and has served as a special master or court-appointed expert to craft congressional or legislative districting plans numerous times, including for Georgia, Maryland, Connecticut, New York, North Carolina, and Pennsylvania. Dr. Persily is the James B. McClatchy Professor of Law at Stanford Law School, with appointments in the departments of Political Science and Communication, and the Freeman Spogli Institute for International Studies. Prior to joining Stanford, Dr. Persily taught at Columbia and the University of Pennsylvania Law School, and as a visiting professor at Harvard, NYU, Princeton, the University of Amsterdam, and the University of Melbourne.

Dr. Persily's scholarship and legal practice focus on American elections and issues such as voting rights, political parties, campaign finance, redistricting, and election administration. He served as the Senior Research Director for the Presidential Commission on Election Administration. In addition to dozens of articles (many of which have been cited by the Supreme Court) on the legal regulation of political parties, issues surrounding the census and redistricting process, voting rights, and campaign finance reform, Dr. Persily is coauthor of the leading election law casebook, The Law of Democracy (Foundation Press, 5th ed., 2016), with Samuel lssacharoff, Pamela Karlan, and Richard Pildes. He received a

---
[1] Dr. Persily's CV is available at https://law.stanford.edu/directory/nathaniel-persily.

B.A. and M.A. in political science from Yale (1992); a J.D. from Stanford (1998), where he was President of the Stanford Law Review; and a Ph.D. in political science from U.C. Berkeley in 2002. Defendants appear to agree that Dr. Persily is a highly-regarded expert, as they have cited his work numerous times in their filings. *See, e.g*, ECF No. 71 at 31, 53, 62, 123, 129.

## II.     Remedial Process

The *Caster* Plaintiffs propose the following process to adopt a new congressional plan for Alabama. First, the Court should engage Dr. Persily to serve as Special Master as soon as practicable. Then, in the event the Legislature fails to enact a remedial plan by February 7, all parties in *Caster* and *Milligan* will have the option to submit to Dr. Persily and the Court their proposed remedial plan(s) and a report explaining their merits. Dr. Persily will collect and review those reports and plans. The parties who submitted a proposed remedial plan will confer, perhaps along with Dr. Persily, in an effort to reach an agreement on a joint proposed remedial plan. Should the parties reach agreement, Dr. Persily will review that proposed remedial plan for compliance with the Court's order and traditional redistricting principles. If, in his judgment, the plan meets those criteria, the parties will jointly submit that plan to the Court for adoption. Should the parties fail to reach agreement, Dr. Persily will recommend one of the Party's plans for adoption or

3

propose his own plan for the Court's consideration.[2]

This process will allow for expeditious adoption of the best possible plan. Specifically, it will provide the Court with the benefit of multiple experts' and mapdrawers' individual and collective experience and expertise in mapdrawing and Alabama's unique geography. It will also enable the parties and their experts to collaborate and bring their collective wisdom to bear without waiving any party's respective privileges with their experts.

The *Caster* Plaintiffs oppose Mr. Hinaman as a court-appointed mapdrawer. Mr. Hinaman has been the Legislative Defendants' paid mapdrawer for the last three Census cycles. Just last year, he was paid $200,000 by the Legislative Defendants. DX144 at 15. Most importantly, he drew the plan that this Court found very likely violates Section 2 of the Voting Rights Act. *Id.* He also drew the plans that are the subject of ongoing litigation in *Thomas v. Merrill*, Case No. 2:21-cv-01531, which is pending before a three-judge court presided over by Judge Manasco. For all these reasons, Mr. Hinaman is too closely affiliated with Defendants to properly serve as an independent arm of the Court in this case. It is also likely that Mr. Hinaman will be a witness should this case go to trial. *See* ECF No. 73 at 3 (Defendant's witness

---

[2] In the event the Legislature does enact a remedial plan by the February 7 deadline, Dr. Persily shall evaluate the map and advise the Court as to whether it complies with the Court's order and traditional districting principles, to assist in the Court's determination as to whether the plan is in fact a lawful remedy to the Section 2 violation.

list named Mr. Hinaman as a witness in this case).

Plaintiffs of course agree that the Legislature should in the first instance be given the opportunity to draw a remedial plan. But should the Legislature fail to meet the Court's deadline, the Legislature's mapdrawer should not receive an outsized role in this Court's remedial process. *See, e.g.*, *O'Sullivan v. Brier*, 540 F. Supp. 1200, 1202 (D. Kan. 1982) ("[W]e are not required to defer to any plan that has not survived the full legislative process to become law."); *Smith v. Clark*, 189 F. Supp. 2d 529, 533-34 (S.D. Miss. 2002) (holding that where the state "failed to enact a congressional redistricting plan … there is no expression, certainly no clear expression, of state policy on congressional redistricting to which we must defer"); *Carstens*, 543 F. Supp. at 79 (affording no deference because vetoed redistricting plan was only the "proffered current policy rather than clear expressions of state policy") (internal citations omitted). Appointing Mr. Hinaman to be the Court's mapdrawer after the Legislature has failed to meet the Court's deadline would unfairly give the Legislature and Defendants two bites at the apple.

Instead, the legislative process should proceed independently from the judicial process. The proposed remedial process outlined above would afford all of the relevant parties an opportunity to collaborate on and propose remedial maps, providing the benefit of expert and legal input from the parties without unduly

elevating any one party in the process.

Dated: January 28, 2022                    Respectfully submitted,

                                           By /s/ *Richard P. Rouco*

Abha Khanna*                               Richard P. Rouco
**Elias Law Group LLP**                    (AL Bar. No. 6182-R76R)
1700 Seventh Ave, Suite 2100               **Quinn, Connor, Weaver, Davies & Rouco LLP**
Seattle, WA 98101
Phone: (206) 656-0177                      Two North Twentieth
Email: AKhanna@elias.law                   2-20th Street North, Suite 930
                                           Birmingham, AL 35203
Lalitha D. Madduri*                        Phone: (205) 870-9989
Daniel C. Osher*                           Fax: (205) 803-4143
Joseph N. Posimato*                        Email: rrouco@qcwdr.com
Olivia N. Sedwick*
**Elias Law Group LLP**
10 G St. NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4518
Email: LMadduri@elias.law
Email: DOsher@elias.law
Email: JPosimato@elias.law
Email: OSedwick@elias.law

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will provide electronic notice of filing to all counsel of record.

*/s/ Richard P. Rouco*
Richard P. Rouco
Counsel for Plaintiffs
