# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS CASTER**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| *vs.* ) | Civil Action No.: 2:21-cv-1536-AMM |
| ) | |
| **JOHN MERRILL, in his official** ) | |
| **capacity as Alabama Secretary of** ) | |
| **State,** ) | |
| ) | |
| **Defendant.** ) | |

## TIME SENSITIVE MOTION TO INTERVENE BY JEFF COLEMAN

Comes Now Movant Jeff Coleman, by and through his counsel, Algert S. Agricola, Jr. and Barbara H. Agricola of Agricola Law, LLC and Joseph C. Espy, III, Benjamin Joseph Espy, and William Martin Espy of Melton, Espy & Williams, PC, and, pursuant to Fed.R.Civ.P. 24, moves this Court for leave to intervene for the sole purpose of seeking clarification from this Court as to the current deadline for filing congressional candidate qualification papers with the Alabama Republican Party and the Alabama Democratic Party. As grounds for this motion, Movant Jeff Coleman shows the following:

1.  Movant Jeff Coleman is a citizen of the State of Alabama and a resident of Houston County, Alabama, where he is a registered voter.

2.  On February 10, 2022, Movant Jeff Coleman filed candidate qualification forms with the Alabama Republican Party and paid the required fee to qualify as a candidate in the May 24, 2022, Republican primary election for Alabama Congressional District 02.

At this filing, the Alabama Republican Party has not indicated whether it will certify Movant Jeff Coleman's name to Defendant John Merrill as a qualified candidate for election from Alabama Congressional District 02 on or about March 3, 2022, pursuant to Ala. Code § 17-13-5(b). The statutory deadline for the certification of party candidates to the Secretary of State, March 3, 2022, is the reason for the time sensitive nature of Movant Jeff Coleman's motion.

3. As this Court is aware, its Order issued on January 24, 2022 [Doc. 101], stayed the January 28, 2022, statutory, congressional candidate qualification deadline for 14 days, through February 11, 2022, to allow the Alabama Legislature the opportunity to enact a remedial districting plan for Alabama's seven congressional districts. *Id.* at 6. On the same date, this Court preliminarily enjoined Defendant Merrill from conducting any congressional elections under the districting plan adopted by the Alabama Legislature in the fall of 2021, on the ground, among others, that Plaintiffs were likely to prevail on their contention that the Legislature's plan violates Section Two of the Voting Rights Act. This Court adopted the recitation of evidence, legal analysis, and findings of fact and conclusions of law entered by the three-judge court in *Singleton v. Merrill*, No. 2:21-cv-1291-AMM and *Milligan v. Merrill*, No. 2:21-cv-1530-AMM, which were previously consolidated for purposes of preliminary injunction discovery and hearing.

4. On February 7, 2022, on the emergency application for administrative stay of the three-judge court injunction in *Milligan* and the preliminary injunction entered by this

Court in this case filed by Defendant Merrill, the Supreme Court of the United States stayed the preliminary injunction entered by the three-judge court in *Milligan* and the preliminary injunction entered by this Court in this case. *Merrill v. Milligan*, Nos. 21A375 (21-1086), 21A376 (21-1087), 2022 U.S. LEXIS 760, at p. 1 (Feb. 7, 2022). In his application, Defendant Merrill did not request the Supreme Court to direct the district court to dissolve the extension of the congressional candidate qualifying deadline or resolve any ambiguity on the deadline. In its Order, the Supreme Court did not address the district court's extension of the congressional candidate qualifying deadline. The sole issue determined by the grant of the stay was that the May 24, 2022, primary elections would be conducted under the congressional redistricting plan adopted by the Alabama Legislature pending a final decision on the merits.

5. Soon after the issuance of the stay by the Supreme Court, the Alabama Republican Party took down its website portal through which congressional candidates could file qualification forms and pay the qualification fee online. This portal was available after the statutory candidate qualification deadline of January 28, 2022, set out in Ala. Code § 17-13-5(a), and until it was taken down on or about February 7, 2022. Believing that the congressional candidate qualification deadline was still February 11, 2022, Movant Jeff Coleman filed his congressional candidate qualification papers with the Alabama Republican Party by physically delivering them to the party headquarters on February 10, 2022, along with the qualifying fee.

6. According to the website of the Alabama Democratic Party, congressional candidates were allowed to qualify for the May 24, 2022, primary election through February 11, 2022. According to Defendant Merrill, he will certify any congressional candidates whose names are certified to him by the respective chairs of the political parties pursuant to Ala. Code § 17-13-5(b), for inclusion on the primary ballots to be used in the May 24, 2022, primary elections. The statute contemplates the same candidate qualification deadline for each political party.

7. Movant Jeff Coleman should be permitted to intervene in this action under Fed.R.Civ.P. 24(a)(2), which says:

> (a) On a timely motion, the court must permit anyone to intervene who:
> ...
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Id.*

8. Movant Jeff Coleman's motion is timely in that the issue has only recently arisen. Nothing substantive has happened in the case since the issue has arisen. Movant Jeff Coleman's intervention will not delay or impede the case.

9. Movant Jeff Coleman, as a candidate for Congress, has the requisite interest in ballot access since he has taken the necessary steps to qualify as a candidate for Congress.

10. The interest of Movant Jeff Coleman in ballot access as a candidate for Congress from Alabama Congressional District 02 is not adequately represented by any other party to this case.

Wherefore premises considered, Movant Jeff Coleman submits that his motion to intervene for the limited purpose of seeking clarification as to the current deadline for filing congressional candidate qualification papers with the Alabama Republican Party is due to be granted.

Respectfully submitted this 12th day of February, 2022

/s Algert S. Agricola, Jr
Algert S. Agricola, Jr.
Barbara H. Agricola

**Of Counsel:**

**AGRICOLA LAW, LLC**
127 South 8th Street
Opelika, AL 36801
Phone: 334.759.7557
Fax: 334.759.7558
al@agricolalaw.com
barbara@agricolalaw.com

/s Joseph C. Espy, III (with permission)
Joseph C. Espy, III
Benjamin Joseph Espy
William Martin Espy

**Of Counsel:**

**MELTON, ESPY & WILLIAMS, PC**
P.O. Box 5130
Montgomery, AL 36103-5130
Phone: 334.263-6621
Fax: 334.263-7252
jespy@mewlegal.com
bespy@mewlegal.com
wespy@mewlegal.com

        Counsel for Movant Jeff Coleman

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification of filing to counsel of record for Defendants.

This the 12th day of February, 2022.

/s/ Algert S. Agricola, Jr.
AGRICOLA LAW, LLC
127 South 8th Street
Opelika, AL 36801
Phone:  334.759.7557
Fax:  334.759.7558
al@agricolalaw.com