UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS CASTER,** *et al.*, | ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) )   Case No.: 2:21-cv-1536-AMM |
| **JOHN H. MERRILL,** *in his official capacity as Alabama Secretary of State*, *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

# ORDER

The *Milligan* plaintiffs requested that the court enter an order allowing additional discovery to commence in time to be finished before the end of the year. *See Milligan*, Doc. 142 at 3. On April 14, 2022, the court held a status conference in the three related cases to discuss the *Milligan* plaintiffs' proposed additional discovery. For the reasons stated below, the court will deny the *Milligan* plaintiffs' request to proceed with additional discovery at this time, but without prejudice to their opportunity to renew their request at a later date. A status conference is **SET** for **10:00 a.m.** Central Standard Time on **NOVEMBER 16, 2022**. The status conference will be held by Zoom.

*First*, the court will deny the *Milligan* plaintiffs' request to proceed with additional discovery at this time because the Supreme Court of the United States has

noted probable jurisdiction in their case and likely will hear argument on it this fall. The question presented to the Supreme Court is "[w]hether the State of Alabama's 2021 redistricting plan for its seven seats in the United States House of Representatives violated section 2 of the Voting Rights Act, 52 U.S.C. § 10301." Additional discovery on the Section 2 claim this early before the Supreme Court hears the case would be premature and wasteful of party and judicial resources.

*Second*, as the record in the three cases demonstrates, the Section 2 claims and constitutional claims are not entirely distinct. For example, in the Supreme Court proceedings, the State is using expert evidence that the *Milligan* plaintiffs developed to support their constitutional claims as evidence against those very plaintiffs' statutory claim. *See* Brief for Appellants at 22-23, 55, *Merrill v. Milligan* (No. 21-1086). Accordingly, expert discovery on the constitutional claims before the Supreme Court decides the pending appeal would be premature. This leaves only the possibility of proceeding with fact discovery on the constitutional claims at this time. At the April 14, 2022 status conference, the *Milligan* plaintiffs asserted that while the appeal is pending, the parties could engage in "some discovery" related to the constitutional claims. Doc. 147 at 11. And at the status conference, the court asked the *Milligan* plaintiffs more than once to set out "specifically" what discovery they were proposing to do, but the *Milligan* plaintiffs did not have a specific plan. *See id.* at 11-17. The *Milligan* plaintiffs responded only that they "may want to depose" the

State's cartographer (Randy Hinaman) again, and that they would "[p]otentially" seek to depose members of the Legislative Reapportionment Committee. *Id*. at 13, 15. Absent a pressing need to proceed with limited, non-specific additional fact discovery at this time, the court will deny the *Milligan* plaintiffs' request.

**DONE** and **ORDERED** this 2nd day of May, 2022.

_____
ANNA M. MANASCO
UNITED STATES DISTRICT JUDGE