IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BOBBY SINGLETON, et al., *Plaintiffs*, vs. JOHN H. MERRILL, et al., *Defendants*. | No. 2:21-cv-01291-AMM |
| EVAN MILLIGAN, et al., *Plaintiffs*, vs. JOHN H. MERRILL, et al., *Defendants*. | No. 2:21-cv-01530-AMM |
| MARCUS CASTER, et al., *Plaintiffs*, vs. JOHN H. MERRILL, et al., *Defendants*. | No. 2:21-cv-01536-AMM |

### [PROPOSED] SCHEDULING ORDER

1. The parties agree to meet and confer in good faith within three (3) days of the Supreme Court's decision in *Merrill v. Milligan*, No. 21-1086, and *Merrill v. Caster*,

No. 21-1087, to discuss an appropriate schedule if a trial is required on the merits of one or more of the claims at issue in this case. This Court will hold a status conference and rule on a scheduling order (including any revisions to this Scheduling Order) within seven (7) days of a submission from the parties following any Supreme Court decision.

2. **Initial Disclosures**: Regardless of the timing of the Supreme Court's decision, the parties shall exchange Initial Disclosures as required by Fed. R. Civ. P. 26 by **January 30, 2023**. The parties will supplement this information as needed by **one week** after the Supreme Court rules and thereafter as required by Rule 26. Neither side need disclose expert witnesses as part of any of these initial disclosures.

3. **Commencement of Discovery**: Beginning on **January 9, 2023**, the parties may engage in (1) fact discovery on the process of implementing a new congressional map and the feasibility of doing so under certain time constraints related to the 2024 election, not to exceed 3 depositions, 15 interrogatories, 15 requests for production, and an unlimited number of requests for admission, collectively among all Plaintiff groups, and (2) written discovery relating to the intentional racial discrimination and racial gerrymandering claims, not to exceed 35 interrogatories, 30 requests for production, and an unlimited number of requests for admission, collectively among the *Milligan* and *Singleton* Plaintiff groups who have brought those claims, provided that nothing in this Scheduling Order forecloses or

<u>limits the parties' ability to seek discovery on any claims in this matter following the Supreme Court's ruling, except that written discovery on the intentional racial discrimination and racial gerrymandering claims shall continue to be governed by the limitations herein</u>.

4. **Electronically Stored Information**: To the extent it exists, the parties will produce relevant, non-privileged electronically stored information in TIFF[1] format or in a format that is otherwise mutually agreeable to the parties. Data for production may be delivered via email to the extent practicable, via USB flash storage media, or other means mutually agreeable. The parties agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document(s) and will further require that such party produce a privilege log as to any such document.

---

[1] The parties agree to produce the following information for electronically stored information to the extent reasonably practicable, except hard copy documents scanned and produced electronically: starting bates, ending bates, starting bates of family, ending bates of family, bates range of family, starting bates of parent, starting bates of each attachment, file name of each attachment, custodians, document type, file author, file last author, file created date, file created time, file last modified date, file last modified time, file last printed date, file last printed time, file last accessed date, file last accessed time, file company, file title, file names, file extension, file paths, file size, page count, character count, SHA1 hash, MD5 hash, deduplication hash, email sending (From), To recipients, cc recipients, bcc recipients, email sent date, email sent time, email received date, email received time, email subject, email message ID, email in-reply-to ID, path to native file, path to text file, volume, normalized time zone.

5. For purposes of this litigation, the parties need not preserve, produce, or create a privilege log for, any document that was (i) created by, and exchanged solely among, counsel and/or counsel's staff, or (ii) that was created in the prosecution or defense of this litigation and exchanged solely among counsel and/or counsel's staff on the one hand and parties on the other.

6. Regardless of the timing of the Supreme Court's decision, the Court and the Parties will make every possible effort to ensure that this case will be trial-ready by the week of **July 31, 2023**. Trial shall be scheduled at the earliest possible date during that week or after available to the Court. **Estimated trial time: 10 days**.

7. The parties agree to confer in advance of this Court's February 8, 2023 status conference to map out potential schedules for expert disclosures, dispositive motions, and other pretrial deadlines depending on when the Supreme Court issues a decision. <u>In all events, the parties agree to work in good faith toward resolution of Plaintiffs' claims in time for a trial the week of July 31, 2023 and any relief to be effectuated for the 2024 congressional elections.</u>

**DONE** and **ORDERED** this ___ day of January 2023.

_____
STANLEY MARCUS
UNITED STATES CIRCUIT JUDGE


_____
ANNA A. MANASCO
UNITED STATES DISTRICT JUDGE


_____
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE