UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS CASTER,** *et al.***,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | )   **Case No.: 2:21-cv-1536-AMM** |
| **WES ALLEN,** *in his official capacity as Alabama Secretary of State*, *et al.***,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

"In 2020, the decennial census revealed that Alabama's population had grown by 5.1%," and "the Alabama Legislature's Committee on Reapportionment began creating a new districting map." *Allen v. Milligan*, No. 21-1086, 2023 WL 3872517, at *8 (U.S. June 8, 2023). "The Alabama Legislature enacted [a new] map [("the Plan")]," and Governor Ivey signed the Plan into law on November 4, 2021. *Id.* "Three groups of plaintiffs brought suit seeking to stop Alabama's Secretary of State from conducting congressional elections under" the Plan. *See Caster v. Allen*, No. 2:21-cv-1536 (N.D. Ala.); *Milligan v. Allen*, No. 2:21-cv-1530 (N.D. Ala.); *Singleton v. Allen*, No. 2:21-cv-1291 (N.D. Ala.).

A preliminary injunction hearing began on January 4, 2022, and concluded on January 12. On January 24, 2022, the court preliminarily enjoined Alabama from

using the Plan in the forthcoming elections, finding that Alabama's 2021 redistricting map likely violates § 2 of the Voting Rights Act, and that the "appropriate remedy is a congressional redistricting plan that includes either an additional majority-Black congressional district, or an additional district in which Black voters otherwise have an opportunity to elect a representative of their choice." *Caster* Doc. 101 at 6; *Milligan* Doc. 106 at 5.  The Defendants appealed to the Supreme Court.

Recognizing that "redistricting and reapportioning legislative bodies is a legislative task which the federal courts should make every effort not to pre-empt," *Wise v. Lipscomb*, 437 U.S. 535, 539-40 (1978) (opinion of White, J.), this court gave the Alabama Legislature the first opportunity to draw a new map.  After it appeared increasingly unlikely that the Legislature would act, the court notified the parties of its intent to appoint a special master and cartographer. *See, e.g.*, *Caster* Doc. 119; *Milligan* Doc. 129. After affording the parties an opportunity to object, the court appointed a special master and cartographer on February 7, 2022. *See Caster* Doc. 120; *Milligan* Doc. 130. Later that day, the Supreme Court stayed the preliminary injunction.

On June 8, 2023, the Supreme Court affirmed the preliminary injunction in all respects. *See Allen*, 2023 WL 3872517, at *5. The Supreme Court then vacated the stay on June 12, 2023. *See Allen v. Caster*, No. 21-1087, 2023 WL 3937600, at *1

(U.S. June 12, 2023); *Allen v. Milligan*, No. 21-1086, 2023 WL 3937599, at *1 (U.S. June 12, 2023). Accordingly, the preliminary injunction and appointment orders remain in effect.

From the inception of this action, the court has been acutely aware that these proceedings are time-sensitive. As the court awaited the Supreme Court's decision, the undersigned instructed Secretary Allen "to inform the court . . . of the latest date by which a Congressional map must be in place for it to be used in the 2024 election." *Caster* Doc. 147 at 1; *Milligan* Doc. 145. Secretary Allen responded: "a new plan by around October 1, 2023, would provide enough time to reassign voters, print and distribute ballots, and otherwise conduct the forthcoming 2024 primary elections based on the new map." *Caster* Doc. 148 at 7; *Milligan* Doc. 147.

The court held a status conference on June 16, 2023, to discuss the next steps in these cases. Before the status conference, the Secretary and intervening Defendants filed a notice advising the court that "the Alabama Legislature intends to enact a new congressional redistricting plan that will repeal and replace the 2021 Plan" and requesting that the court allow the Legislature until July 21, 2023 to enact the new plan. *Caster* Doc. 154 at 2; *Milligan* Doc. 166.

For their part, the *Milligan* and *Caster* Plaintiffs moved the court for a scheduling order setting deadlines for a remedial process to follow the July 21, 2023 date the Defendants offered. *Caster* Doc. 155. Although the *Singleton* Plaintiffs did

not formally join that filing, they informed the court at the status conference that they do not object to the relief requested. No set of Plaintiffs objected to the July 21, 2023 date the Defendants offered.

At the status conference, the parties indicated substantial agreement on the appropriate next steps for these proceedings. In light of their agreement, the time-sensitivity of these proceedings, and the provisions of *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006), the court **ORDERS** as follows:

1. During the status conference, the Defendants requested the opportunity to provide supplemental briefing on or before June 20, 2023 regarding the impact, if any, of *North Carolina v. Covington*, 138 S. Ct. 2548 (2018), on the appropriate remedial process. The request is **GRANTED**. The supplemental brief is due on or before the close of business **JUNE 20, 2023**.

2. Consistent with Supreme Court precedent holding that the state legislature must have the first opportunity to draw a new map, if practicable, the Court will not require the parties to engage in any discovery or further proceedings until after **JULY 21, 2023**. If at any time, however, any party concludes that further proceedings are necessary, they may promptly advise the court in a written pleading.

3. The Defendants are **DIRECTED** to provide this court with a status report on **JULY 7, 2023**, and again on **JULY 14, 2023**, regarding the status of the Alabama Legislature's efforts to enact a new congressional districting plan. The

Defendants are further **DIRECTED** to advise the court on or before **JULY 21, 2023** whether a new congressional plan has been enacted by the Alabama Legislature.

4. The court will not instruct either the special master or the cartographer to conduct any work until after **JULY 21, 2023**.

5. If the Alabama Legislature enacts a new plan and any set of Plaintiffs objects to that plan, such Plaintiffs are **DIRECTED** to file their objections in detail on or before **JULY 28, 2023**, including such data, documents, and reports as may be appropriate. The Defendants, in turn, are directed to file their response to any such filing no later than **AUGUST 4, 2023**. Plaintiffs shall have until the close of business on **AUGUST 7, 2023**, to file any reply.

6. In consultation with the parties, the court had previously ordered that these proceedings be trial-ready by July 31, 2023. That date is **GENERALLY CONTINUED.**

7. If a hearing becomes necessary for any purpose regarding a new plan enacted by the Alabama Legislature, that hearing will commence on **AUGUST 14, 2023.** The court has set this date based on consultation with and the agreement of the parties that it is appropriate.

8. If the parties anticipate that any set of Plaintiffs will object to a new plan enacted by the Alabama Legislature, the parties are **DIRECTED** to file with the court a joint proposed scheduling order on or before **JULY 26, 2023**, which will

include stipulated dates to accommodate discovery, expert witness disclosures, and any other appropriate proceedings related to the anticipated objection and the August 14 hearing date.

9. If the Alabama Legislature is unable to enact a new plan, because the preliminary injunction remains in effect, the parties are **ADVISED** that the special master and cartographer will commence work on a remedial map after July 21, 2023.

10. Nothing in the foregoing order limits the Defendants' right to a permanent injunction proceeding at a future date if necessary. The court has adopted the foregoing schedule based on Defendants' agreement that any such proceeding shall not occur before the 2024 congressional elections.

11. If any material circumstance changes, the parties may promptly advise the court in a written pleading.

**DONE** and **ORDERED** this 20th day of June, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE