UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVAN MILLIGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:21-cv-01530-AMM |
| | ) | |
| WES ALLEN, | ) | **THREE-JUDGE COURT** |
| Secretary of State of Alabama, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MARCUS CASTER, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 2:21-cv-01536-AMM |
| | ) | |
| WES ALLEN, | ) | |
| Secretary of State of Alabama, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFFS' MOTION
FOR ENTRY OF REMEDIAL SCHEDULING ORDER**

As the Court noted in its order earlier today, "[a]t the status conference, the parties indicated substantial agreement on the appropriate next steps for these proceedings." *Milligan* Doc. 168 at 4. One of those steps is allowing until July 21, 2023, for the Alabama Legislature to enact new congressional districting legislation. But Plaintiffs and Defendants appear to disagree about what that legislation would

be. Defendants take the view that this Court set forth in its preliminary injunction order: "'The new legislative plan, if forthcoming, will then be the governing law unless it, too, is challenged and found to violate' federal law." *Milligan* Doc. 107 at 210-11 (quoting *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (opinion of White, J.)).

The *Caster* and *Milligan* Plaintiffs, on the other hand, would have the Court treat the 2023 plan as just a "legislative proposal" that must "cure" problems in the 2021 plan. *Milligan* Doc. 167 at 4-5. But if the Legislature enacts a new plan, it would not be a mere proposal reviewed under a cloud of suspicion; it would be "governing law." *Cf. LULAC v. Perry*, 548 U.S. 399, 416 (2006) (Kennedy op.) ("[I]f a legislature acts to replace a court-drawn plan with one of its own design, no presumption of impropriety should attach to the legislative decision to act."). Plaintiffs could assert that the new plan is likely to be unlawful, but they would need to make their case. *See North Carolina v. Covington*, 138 S. Ct. 2548, 2553 (2018) ("Because the plaintiffs asserted that they remained segregated on the basis of race, their claims remained the subject of a live dispute….").

Thus, if the Legislature enacts a new plan, it becomes "the governing law." *Milligan* Doc. 107 at 211 (quoting *Wise*, 437 U.S. at 540) (opinion of White, J.)). Plaintiffs could argue that the new legislation violates § 2 "anew." *McGhee v. Granville Cnty.*, 860 F.2d 110, 115 (4th Cir. 1988) (citing *Upham v. Seamon*, 456 U.S. 37, 42 (1982)); *see also Miss. St. Chapter, Operation Push v. Mabus*, 932 F.2d

2

400, 407 (5th Cir. 1991) ("The district court must accept a plan offered by the local government if it does not violate statutory provisions or the Constitution."). But there is no basis for "revers[ing] the burden of proof," *Abbott v. Perez*, 138 S. Ct. 2305, 2325 (2018), in a case challenging legislation that has been superseded.

*Respectfully Submitted,*

Steve Marshall
 *Attorney General*

<u>*Edmund G. LaCour Jr.*</u>
Edmund G. LaCour Jr. (ASB-9182-U81L)
 *Solicitor General*
James W. Davis (ASB-4063-I58J)
 *Deputy Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov

**Counsel for Secretary Allen**

<u>s/ *Dorman Walker* (with permission)</u>
Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138
Email: dwalker@balch.com

**Counsel for Sen. Livingston and Rep. Pringle**

3