UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WES ALLEN, )<br>In his official capacity as )<br>Secretary of State of Alabama, et al., )<br>*Defendants*. ) | Case No.: 2:21-cv-01530-AMM<br><br>**THREE-JUDGE COURT** |

_____

| | |
|---|---|
| BOBBY SINGLETON, et al., )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>WES ALLEN, in his official )<br>capacity as Alabama Secretary of State, )<br>et al., )<br>)<br>*Defendants*. ) | Civil Action No.:<br>2:21-cv-01291-AMM<br><br>**THREE-JUDGE COURT** |

_____

| | |
|---|---|
| MARCUS CASTER, et al., )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>WES ALLEN, in his official )<br>capacity as Alabama Secretary of State, )<br>et al., )<br>)<br>*Defendants*. ) | Civil Action No.:<br>2:21-cv-01536-AMM |

1

**DEFENDANTS' RESPONSE TO MOTION TO CLARIFY (MDOC. 188)**

Defendants (Secretary of State Wes Allen, Senator Steve Livingston, and Representative Chris Pringle) respectfully submit this response to the Milligan and Caster Plaintiffs' Motion for Clarification (MDoc. 188) regarding the forthcoming proceedings outlined in the Court's June 20, 2023 Order (MDoc. 168).

The first step in deciding what further proceedings will entail requires Plaintiffs to amend their complaints if they intend to challenge the new 2023 congressional plan. All Plaintiffs' challenges to Alabama's 2021 Plan became moot when the Legislature enacted the 2023 Plan on July 21, 2023. *See* ALA. ACT No. 2023-563 (to be codified at ALA. CODE §§ 17-14-70, -70.1); *Tenn. St. Conf. of NAACP v. Hargett*, 53 F.4th 406, 408 (6th Cir. 2022) (After "the district court issued a preliminary injunction …, the Tennessee legislature repealed the statutory provisions that the district court had enjoined, thereby rendering the case moot."). This Court's own preliminary injunction order acknowledged as much. In recognizing the Legislature's prerogative to draw a new plan, this Court recognized that "'[t]he new legislative plan … will then be the governing law unless it, too, is challenged and found to violate' federal law." MDoc. 107 at 210-11 (quoting *Wise v. Lipscomb*, 437 U.S. 535, 539-40 (1978) (opinion of White, J.)).

Practically, amended complaints are also necessary given that each of Plaintiffs' operative complaints asserts factual allegations regarding the 2021 Plan

2

but do not allege anything about the intent or effects of the 2023 Plan. "There is no danger of irreparable harm to the … Plaintiffs based upon their pleaded claims, because their claims are based upon a repealed" statute. *Villas at Parkside Partners v. City of Farmers Branch*, No. CA 3:06-CV-2376-L, 2007 WL 1498763, at *3 (N.D. Tex. May 21, 2007). And the nature of the preliminary injunctive relief likewise shows that new challenges to the 2023 Plan are not merely a re-opening of the 2021-2022 preliminary injunction proceedings. This Court's order preliminarily enjoined the Secretary "from conducting any congressional elections according to ['Alabama's 2021 redistricting plan for its seven seats in the United States House of Representatives.']" *Id.* at 2, 5. The Legislature has since repealed the 2021 Plan, *see* ALA. ACT No. 2023-563 at 7-8, leaving nothing left to enjoin.

The nature of this relief also distinguishes this case from *North Carolina v. Covington*, in which the State of North Carolina *itself* was a party and thus the district court "ordered the General Assembly to draw remedial maps." 138 S. Ct. 2548, 2550 (2018). Here, unlike *Covington*, the State itself is not a party, and the redrawing of the congressional plan came about of the Legislature's own accord—not by an order to enact a "remedial" map. The 2023 Plan is not a remedial proposal for ending litigation over the 2021 Plan. It is simply a new law.

Plaintiffs thus must amend their complaints and move for preliminary injunctions or other relief "anew" against the 2023 Plan. *McGhee v. Granville*

*County*, 860 F.2d 110, 115 (4th Cir. 1988) (citing *Upham v. Seamon*, 456 U.S. 37, 42 (1982)); *see also Miss. St. Chapter, Operation Push v. Mabus*, 932 F.2d 400, 407 (5th Cir. 1991) ("The district court must accept a plan offered by the local government if it does not violate statutory provisions or the Constitution."). Regardless of how these proceedings are framed, this Court must consider whether the 2023 Plan—the governing law to which no presumption of impropriety or cloud of suspicion should attach, *cf. LULAC v. Perry*, 548 U.S. 399, 416 (2006) (opinion of Kennedy, J.)—violates § 2 as clarified by *Allen v. Milligan*, 143 S. Ct. 1487 (2023).

Such proceedings can (and should) move ahead on the schedule already outlined by this Court in its June 20, 2023 order. Defendants maintain a strong interest in resolving these challenges to the 2023 Plan in time for everyone to know which plan will govern the 2024 elections and, critically, in sufficient time for local election officials to complete the voter reassignment process in advance of the 2024 Primary Election. *See, e.g.*, MDoc. 162. However, for such proceedings to move forward on that track, each group of Plaintiffs must amend their complaints. Plaintiffs cannot simply file "objections" to the 2023 Plan. "[F]acts contained in a motion or brief cannot substitute for missing allegations in the complaint." *Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022) (quoting *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 n.5 (11th Cir. 2016)) (internal quotations omitted);

*accord Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 799 n.2 (11th Cir. 2022) (en banc) (rejecting plaintiff's attempt to reframe suit to raise a new claim not previously asserted because a plaintiff "cannot amend the complaint by arguments made in an appellate brief"); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). At that time, when it is clear which Plaintiffs remain and what their claims are, it should be easier to determine what challenges have been raised for the 2023 Plan, how to adjudicate those challenges, and whether they should be consolidated and proceed on this expedited schedule.

    Respectfully Submitted,

    Steve Marshall
     *Attorney General*

    /s/ Edmund G. LaCour Jr.
    Edmund G. LaCour Jr. (ASB-9182-U81L)
     *Solicitor General*

    James W. Davis (ASB-4063-I58J)
     *Deputy Attorney General*

    A. Barrett Bowdre (ASB-2087-K29V)
     *Deputy Solicitor General*

    Misty S. Fairbanks Messick (ASB-1813-T71F)
    Brenton M. Smith (ASB-1656-X27Q)
    Benjamin M. Seiss (ASB-2110-O00W)
     *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Secretary Allen*


s/ *Dorman Walker* (with permission)
Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138
Email: dwalker@balch.com

*Counsel for Sen. Livingston and Rep. Pringle*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, I filed the foregoing using the Court's CM/ECF system, which will serve all counsel of record.

/s/ Edmund G. LaCour Jr.
*Counsel for Secretary Allen*
