FILED

2023 Jul-31  AM 07:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MARCUS CASTER, et al.,<br>*Plaintiffs*,<br><br>vs.<br><br>WES ALLEN, et al.,<br>*Defendants*. | No. 2:21-cv-01536-AMM |
| EVAN MILLIGAN, et al.,<br>*Plaintiffs*,<br><br>vs.<br><br>WES ALLEN, et al.,<br>*Defendants*. | No. 2:21-cv-01530-AMM |

## *CASTER* AND *MILLIGAN* PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION

In advance of today's status conference, the *Caster* and *Milligan* Plaintiffs (the "VRA Plaintiffs") file this short reply to the *Singleton* Plaintiffs' and Defendants' arguments about the scope and nature of this Court's remedial process.

First, the VRA Plaintiffs do not seek to preclude or prevent the *Singleton* Plaintiffs' participation in the remedial process. The goal of the VRA Plaintiffs' motion for clarification was just that—clarification. Indeed, the VRA Plaintiffs invite this Court to construe the *Singleton* Plaintiffs' July 27, 2023 objections filing

as an amicus brief and, if this Court sustains the VRA Plaintiffs' objections, allow the *Singleton* Plaintiffs to submit a proposed remedial plan, again as amici.

Second, this Court should reject Defendants' argument that the VRA Plaintiffs must file amended complaints challenging Senate Bill 5 ("SB5") as clearly foreclosed by binding precedent. As Plaintiffs set forth at the June 16, 2023 status conference, *see* June 16, 2023 Status Conference Tr., Ex. 1, 13:11-14:14, the U.S. Supreme Court has explained that, "in the remedial posture in which this case is presented, the plaintiffs' claims . . . d[o] not become moot simply because the General Assembly drew new district lines around them." *North Carolina v. Covington*, 138 S. Ct. 2548, 2553 (2018). Because Plaintiffs have filed objections contending that SB5 merely perpetuates the prior vote dilution, their "claims remain[] the subject of a live dispute, and the District Court properly retain[s] jurisdiction." *Id.*

"[V]oluminous authority" in the voting context demands that the court retain jurisdiction over a case to consider whether a legislatively enacted remedy cures the earlier constitutional or statutory violation. *Covington v. North Carolina*, 283 F. Supp. 3d 410, 424-25 (M.D.N.C.) (collecting cases), *aff'd in part, rev'd in part*, 138 S. Ct. 2548 (2018). Defendants simply ignore this precedent. *See, e.g.*, *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018) (holding that a state's enactment of a new law designed to remedy an adjudicated VRA violation did not moot the case);

*Dillard v. Crenshaw Cnty.*, 831 F.2d 246, 252 (11th Cir. 1987) (evaluating a legislative body's remedial plan in a VRA case without requiring the plaintiffs to file a new lawsuit); *GRACE, Inc. v. City of Miami*, No. 1:22-CV-24066-KMM, 2023 WL 4602964, at *3 (S.D. Fla. July 18, 2023) (holding that a government's passage of a remedial map had "not mooted" the case); *Jacksonville Branch of NAACP v. City of Jacksonville*, No. 3:22-CV-493, 2022 WL 17751416, at *11 (M.D. Fla. Dec. 19, 2022) (rejecting a remedial plan enacted by a legislative body because it perpetuated an earlier violation); *United States v. Osceola Cty.*, 474 F.Supp.2d 1254, 1258 (M.D. Fla. 2006) (same); *Sims v. Baggett*, 247 F. Supp. 96, 110 (M.D. Ala. 1965) (three-judge court) (rejecting a remedial map enacted by the state legislature to cure malapportioned house districts because it diluted the votes of Black people).

Defendants' arguments to the contrary fall flat. Their attempt to distinguish *Covington* on the basis that, here, "the congressional plan came about of the Legislature's own accord—not by an order to enact a 'remedial' map," *Caster* Doc. 173 at 3, ignores that the Legislature undertook its remedial map drawing process at the behest of this Court. *See Milligan v. Merrill*, 582 F. Supp. 3d 924, 937 (N.D. Ala. 2022) ("allow[ing] the Legislature the opportunity to enact a remedial plan"), *aff'd sub nom. Allen v. Milligan*, 143 S. Ct. 1487 (2023); *Caster* Doc. 154 ("Defendants ask that the Legislature be given until July 21 to enact a new plan."); *Caster* Doc. 156 ("Defendants are [] DIRECTED to advise the court on or before JULY 21, 2023

whether a new congressional plan has been enacted by the Alabama Legislature.").[1] And despite Defendants' assertion, the *Covington* defendants were *not* "order[ed] to enact a 'remedial' map." *Caster* Doc. 173 at 3. Rather, like here, the *Covington* court provided the legislature a window of opportunity "to enact new House and Senate districting plans remedying the constitutional deficiencies with the Subject Districts" and then provided that "the Plaintiffs may file objections to any newly enacted remedial districting plans and submit alternative remedial plans." *North Carolina v. Covington,* 267 F. Supp. 3d 664, 668 (M.D.N.C. 2017) (three-judge court).

And while Defendants cite several other cases, the vast majority are outside the remedial redistricting context,[2] and the only two VRA remedial cases Defendants

---

[1] *See also* Second Special Session 2023 Proclamation, Office of Ala. Gov. Kay Ivey, Ex. 2; Josh Rayburn, *Ivey calls Alabama Legislature into special session to redo congressional districts*, WTVA (June 27, 2023), Ex. 3, available at https://www.wtva.com/news/alabama/ivey-calls-alabama-legislature-into-special-session-to-redo-congressional-districts/article_2f409d71-c185-5484-92bf-9a15e20a21fd.html (Governor Ivey: "The Alabama Legislature has one chance to get this done before the July 21 court deadline.").

[2] *Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791 (11th Cir. 2022) (en banc) (concerning high school bathroom policy); *Dorman v. Aronofsky*, 36 F.4th 1306 (11th Cir. 2022) (concerning jail policy on religious accommodations); *Tenn. St. Conf. of NAACP v. Hargett*, 53 F.4th 406 (6th Cir. 2022) (concerning statute imposing restrictions on voter-registration activities); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004) (concerning Red Cross staff member insurance policy); *Villas at Parkside Partners v. City of Farmers Branch*, No. CA 3:06-CV-2376-L, 2007 WL 1498763 (N.D. Tex. May 21, 2007) (concerning citizenship and immigration certification requirements for apartment complexes). In each of these cases, unlike here, the injunction (or damages) was the entirety of the relief needed.

cite directly undermine their argument. *See Miss. State Chapter, Operation Push v. Mabus*, 717 F. Supp. 1189, 1189-90 (N.D. Miss. 1989) (following exact same remedial procedure the Court has proposed here), *aff'd sub nom. Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 409 (5th Cir. 1991) (holding that a state legislature's enactment of a new remedial law did not render a case moot); *McGhee v. Granville Cnty., N.C.*, 860 F.2d 110, 114 (4th Cir. 1988) (noting that court retains jurisdiction to impose court-drawn remedial plan where "a court has properly given the appropriate legislative body the first opportunity to devise an acceptable remedial plan" and "the legislative body fails to respond *or responds with a legally unacceptable remedy*") (emphasis added). None of the cases relied upon by Defendants stands for the proposition that plaintiffs in a redistricting suit must file an amended complaint to challenge a remedial plan.

Finally, this is the first time Defendants advance this argument, even though the Court raised the question during a status conference more than six weeks ago. *See* June 16, 2023 Status Conference Tr. 18:17-24 (Judge Marcus: "If you are challenging a new plan, would you have to amend your pleadings to do it?" Mr. Ross: "No, Your Honor. I don't think that that's necessary."). At that conference, Defendants did not assert that Plaintiffs must file new complaints; instead, they themselves proposed that Plaintiffs simply file objections to any remedial plan passed by the Legislature. *Id.* at 36:13-19 (Mr. LaCour: "So we would think it would

make more sense for the order of operations to be – for the plaintiffs to come forward and identify what they think is problematic about the 2023 law assuming that it does pass, and then for the defendants to respond before we have ultimately a hearing on that."); *id.* at 45:19-46:2 (Mr. LaCour: "I mean, if you look to Covington, the plaintiffs there asserted that they remained segregated on the basis of race. . . . And the Court looked at that new plan to see whether it was in violation of the Constitution or not. So I think that's how we're conceiving of the next steps in the event there is a new Alabama law enacted by the Alabama Legislature and signed into effect by the Governor."). Nor did Defendants assert any need for Plaintiffs to amend their complaints in a filing to the Court on June 20, 2023, made for the specific purpose of objecting to the remedial scheduling order and opining on *Covington*. *Id.* at 54:1-6 (Judge Marcus: "Additionally, Mr. Davis, you and Mr. LaCour sought the opportunity to file a supplemental brief with us on some of the issues we were talking about concerning North Carolina vs. Covington, et al. And we will give you the opportunity to do that by the end of business on the 20th of June."). There, Defendants merely clarified that any legislatively-enacted remedial plan would be "governing law," and that Plaintiffs would have the burden of proof in any challenge. *Caster* Doc. 157. Defendants should not now, on this late date and after passing yet another plan that blatantly violates Section 2, be permitted to impose additional hurdles that risk delaying Plaintiffs' long-awaited relief.

Respectfully submitted this 31st day of July 2023.

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
Email: rrouco@qcwdr.com

By: /s/ *Abha Khanna*
Abha Khanna*
**Elias Law Group LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177
Email: AKhanna@elias.law

Lalitha D. Madduri*
Joseph N. Posimato*
Jyoti Jasrasaria*
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Phone: (202) 968-4490
Email: LMadduri@elias.law
Email: JPosimato@elias.law
Email: JJasrasaria@elias.law

*Counsel for Caster Plaintiffs*

*\*Admitted Pro Hac Vice*

/s/ Deuel Ross
Deuel Ross*
Tanner Lockhead*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

/s/ Sidney M. Jackson
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

Leah Aden*
Stuart Naifeh*
Ashley Burrell*

/s/ Davin M. Rosborough
Davin M. Rosborough*
Julie Ebenstein*

Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
NAACP LEGAL DEFENSE &
    EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
Shelita M. Stewart*
Jessica L. Ellsworth*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

Janette Louard*
Anthony Ashton*
Anna Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE (NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777

Dayton Campbell-Harris*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org
dcampbell-harris@aclu.org

*/s/ LaTisha Gotell Faulks*
LaTisha Gotell Faulks (ASB-1279-I63J)
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

***Counsel for Milligan Plaintiffs***

jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

***Counsel for Plaintiff Alabama State Conference of the NAACP***

*\* Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Richard P. Rouco*
Richard P. Rouco
Counsel for Plaintiffs