FILED
2024 Aug-07  PM 06:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**April 30, 2024**

*William S. Cooper*
*P.O. Box 16066*
*Bristol, VA 24209*
*276-669-8567*
*bcooper@msn.com*

## Summary of Redistricting Work

I have a B.A. in Economics from Davidson College in Davidson, North Carolina.

Since 1986, I have prepared proposed redistricting maps of approximately 750 jurisdictions for Section 2 litigation, Section 5 comment letters, and for use in other efforts to promote compliance with the Voting Rights Act of 1965. I have analyzed and prepared election plans in over 100 of these jurisdictions for two or more of the decennial censuses – either as part of concurrent legislative reapportionments or, retrospectively, in relation to litigation involving many of the cases listed below.

From 1986 to 2024, I have prepared election plans for Section 2 litigation in Alabama, Connecticut, Florida, Georgia, Louisiana, Maryland, Massachusetts, Mississippi, Missouri, Montana, Nebraska, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and Wyoming.

## Post-2020 Redistricting Experience

Since the release of the 2020 Census, county commission-level plans I developed as a private consultant have been adopted by local governments in San Juan County, Utah, Bolivar County, Mississippi, Washington County, Mississippi, and the City of Grenada, Mississippi. In addition, a school board plan I developed was adopted by the Jefferson County, Alabama Board of Education subsequent to my expert work in the case of *Jones v. Jefferson County Board of Education*.

1

**April 30, 2024**

In October 2021, I briefly served as a consultant to the city council in Wenatchee, Washington and determined that the 2018 redistricting plan I drew is not malapportioned under the 2020 Census.

Since 2022, I have testified at trial in 11 Section 2 lawsuits: Alabama (Congress), Arkansas (Supreme and Appellate Courts), Florida (voter suppression), Georgia Legislature (House and Senate) and Congress, Louisiana Legislature (House and Senate) and Congress, Maryland (Baltimore County Commission and Town of Federalsburg), Mississippi Legislature (House and Senate), and Galveston County, Texas.

**2010s Redistricting Experience**

I developed statewide legislative plans on behalf of clients in nine states (Alabama, Connecticut, Florida, Georgia, Kentucky, Mississippi, South Carolina, Texas, and Virginia), as well as over 150 local redistricting plans in approximately 30 states – primarily for groups working to protect minority voting rights. In addition, I prepared congressional plans for clients in nine states (Alabama, Florida, Georgia, Louisiana, Maryland, Ohio, Pennsylvania, South Carolina, and Virginia).

In March 2011, I was retained by the Sussex County, Virginia Board of Supervisors and the Bolivar County, Mississippi Board of Supervisors to draft new district plans based on the 2010 Census. In the summer of 2011, both counties received Section 5 preclearance from the U.S. Department of Justice (DOJ).

Also in 2011, I was retained by way of a subcontract with Olmedillo X5 LLC to assist with redistricting for the Miami-Dade County, Florida Board of Commissioners and the Miami-Dade, Florida School Board. Final plans were adopted in late 2011 following public hearings.

In the fall of 2011, I was retained by the City of Grenada, Mississippi to provide

2

redistricting services. The ward plan I developed received DOJ preclearance in March 2012.

In 2012 and 2013, I served as a redistricting consultant to the Tunica County, Mississippi Board of Supervisors and the Claiborne County, Mississippi Board of Supervisors.

In *Montes v. City of Yakima* (E.D. Wash. Feb. 17, 2015) the court adopted, as a remedy for a Section 2 violation, a seven single-member district plan that I developed for the Latino plaintiffs.  I served as the expert for the Plaintiffs in the liability and remedy phases of the case.

In *Pope v. Albany County* (N.D.N.Y. Mar. 24, 2015), the court approved, as a remedy for a Section 2 violation, a plan drawn by the defendants that created a new Black-majority district.  I served as the expert for the Plaintiffs in the liability and remedy phases of the case.

In 2016, two redistricting plans that I developed on behalf of the plaintiffs for consent decrees in Section 2 lawsuits in Georgia were adopted (*NAACP v. Fayette County, Georgia* and *NAACP v. Emanuel County, Georgia)*.

In 2016, two federal courts granted summary judgment to the plaintiffs based in part on my *Gingles 1* testimony: *Navajo Nation v. San Juan County, Utah* (C.D. Utah 2016) and NAACP v. *Ferguson-Florissant School District, Missouri* (E. D. Mo. August 22, 2016).

Also in 2016, based in part on my analysis, the City of Pasco, Washington admitted to a Section 2 violation. As a result, in *Glatt v. City of Pasco* (E.D. Wash. Jan. 27, 2017), the court ordered a plan that created three Latino majority single-member districts in a 6 district, 1 at-large plan.

In 2018, I served as the redistricting consultant to the Governor Wolf interveners at the remedial stage of *League of Women Voters, et al. v. Commonwealth of Pennsylvania*.

**April 30, 2024**

In August 2018, the Wenatchee City Council adopted a hybrid election plan that I developed – five single-member districts with two members at-large. The Wenatchee election plan is the first plan adopted under the Washington Voting Rights Acts of 2018.

In February 2019, a federal court ruled in favor of the plaintiffs in a Section 2 case regarding Senate District 22 in Mississippi, based in part on my *Gingles* 1 testimony in *Thomas v. Bryant* (S.D. Ms. Feb 16, 2019).

In the summer of 2019, I developed redistricting plans for the Grand County (Utah) Change of Form of Government Study Committee.

In May 2020, a federal court ruled in favor of the plaintiffs in a Section 2 case in *NAACP et al. v. East Ramapo Central School District, NY,* based in part on my *Gingles* 1 testimony. In October 2020, the federal court adopted a consent decree plan I developed for elections to be held in February 2021.

In May and June of 2020, I served as a consultant to the City of Quincy, Florida, who was the Defendant in a Section 2 lawsuit filed by two Anglo voters (*Baroody v. City of Quincy*). The federal court for the Northern District of Florida ruled in favor of the defendants. The plaintiffs voluntarily dismissed the case.

In the summer of 2020, I provided technical redistricting assistance to the City of Chestertown, Maryland.

I served as an expert for the plaintiffs in *Jayla Allen v. Waller County, Texas.* I testified remotely at trial in October 2020.

Since 2011, I have served as a redistricting and demographic consultant to the Massachusetts-based Prison Policy Initiative for a nationwide project to end prison-based gerrymandering. I have analyzed election plans in about 25 states as part of my work.

In 2018 (Utah) and again in 2020 (Arizona), I provided technical assistance to the

4

**April 30, 2024**

Rural Utah Project for voter registration efforts on the Navajo Nation Reservation.

**Post-2010 Demographics Experience**

My trial testimony in Section 2 lawsuits usually includes presentations of U.S. Census data with charts, tables, and/or maps to demonstrate socioeconomic disparities between non-Hispanic Whites and racial or ethnic minorities.

I served as a demographic expert for plaintiffs in four state-level voting cases related to the Covid-19 pandemic: South Carolina, Alabama, and Louisiana (federal court) and North Carolina (state court).

I have also served as an expert witness on demographics in non-voting trials. For example, in an April 2017 opinion in *Stout v. Jefferson County Board of Education* (Case no. 2:65-cv-00396-MHH), a school desegregation case involving the City of Gardendale, Ala.,  the court made extensive references to my testimony.

I provide technical demographic and mapping assistance to the Food Research and Action Center (FRAC) in Washington D.C and their constituent organizations around the country. Most of my work with FRAC involves the Summer Food Program and Child and Adult Care Food Program. Both programs provide nutritional assistance to school-age children who are eligible for free and reduced price meals. As part of this project, I developed an online interactive map to determine site eligibility for the two programs that have been in continuous use by community organizations and school districts around the country since 2003.  The map is updated annually with new data from a Special Tabulation of the American Community Survey prepared by the U.S. Census Bureau for the Food and Nutrition Service of the U.S. Department of Agriculture.

**April 30, 2024**

**<u>Historical Redistricting Experience</u>**

In the 1980s and 1990s, I developed voting plans in about 400 state and local jurisdictions – primarily in the South and Rocky Mountain West.  During the 2000s and 2010s, I prepared draft election plans involving about 350 state and local jurisdictions in 25 states. Most of these plans were prepared at the request of local citizens' groups, national organizations such as the NAACP, tribal governments, and for Section 2 or Section 5 litigation.

Election plans I developed for governments in two counties – Sussex County, Virginia and Webster County, Mississippi –  were adopted and precleared in 2002 by the U.S. Department of Justice. A ward plan I prepared for the City of Grenada, Mississippi was precleared in August 2005. A county supervisors' plan I produced for Bolivar County, Mississippi was precleared in January 2006.

In August 2005, a federal court ordered the State of South Dakota to remedy a Section 2 violation and adopt a state legislative plan I developed (*Bone Shirt v. Hazeltine*).

 A county council plan I developed for Native American plaintiffs in a Section 2 lawsuit (*Blackmoon v. Charles Mix County*) was adopted by Charles Mix County, South Dakota in November 2005. A plan I drafted for Latino plaintiffs in Bethlehem, Pennsylvania (*Pennsylvania Statewide Latino Coalition v. Bethlehem Area School District*) was adopted in March 2009. Plans I developed for minority plaintiffs in Columbus County, North Carolina and Montezuma- Cortez School District in Colorado were adopted in 2009.

Since 1986, I have testified at trial as an expert witness on redistricting and demographics in federal courts in the voting rights cases below (approximate most recent testimony dates are in parentheses). I also filed declarations and was deposed in most of these cases.

6

**April 30, 2024**

**Alabama**
*Caster v. Merrill* (2022)
*Chestnut v  Merrill (2019)*
*Alabama State Conference of the NAACP v. Alabama (2018)*
*Alabama Legislative Black Caucus et al. v. Alabama et al. (2013)*

*Arkansas*
*The Christian Ministerial Alliance v. Hutchinson (2022)*

**Colorado**
*Cuthair v. Montezuma-Cortez School Board (1997)*

**Florida**
*NAACP v. Lee (2022)*
*Baroody v. City of Quincy (2020)*

**Georgia**
*Pendergrass v. Raffensperger (2022 and 2023)*
*Alpha Phi Alpha v. Raffensperger (2022 and 2023)*
*Cofield v. City of LaGrange (1996)*
*Love v. Deal (1995)*
*Askew v. City of Rome (1995)*
*Woodard v. Lumber City (1989)*

**Louisiana**
*Galmon v. Ardoin (2022)*
*Nairne v. Ardoin (2023)*
*Terrebonne Parish NAACP v. Jindal, et al. (2017)*
*Wilson v. Town of St. Francisville (1996)*
*Reno v. Bossier Parish (1995*)
*Knight v. McKeithen (1994)*

**Maryland**
*Caroline County NAACP v. Town of Federalsburg (2023)*
*NAACP v. Baltimore County (2022)*
*Cane v. Worcester County (1994)*

**Mississippi**
*NAACP v. Mississippi Board of Election Commissioners(2024)*
*Thomas v.Reeves (2019)*
*Fairley v. Hattiesburg (2014)*
*Boddie v. Cleveland School District (2010)*
*Fairley v. Hattiesburg (2008)*
*Boddie v. Cleveland  (2003)*
*Jamison v. City of Tupelo (2006)*
*Smith v. Clark (2002)*
*NAACP v. Fordice (1999)*

**April 30, 2024**

*Addy v Newton County (1995)*
*Ewing v. Monroe County (1995)*
*Gunn v. Chickasaw County  (1995)*
*Nichols v. Okolona (1995)*

**Montana**
*Old Person v. Brown (on remand) (2001)*
*Old Person v. Cooney (1998)*

**Missouri**
*Missouri NAACP v. Ferguson-Florissant School District (2016)*

**Nebraska**
*Stabler v. Thurston County (1995)*

*New York*
*NAACP v. East Ramapo Central School District (2020)*
*Pope v. County of Albany (2015)*
*Arbor Hills Concerned Citizens v. Albany County (2003)*

**Ohio**
*A. Philip Randolph Institute, et al. v. Ryan (2019)*

**South Carolina**
*Smith v. Beasley (1996)*

**South Dakota**
*Bone Shirt v. Hazeltine (2004)*
*Cottier v. City of Martin (2004)*

**Tennessee**
*Cousins v. McWherter (1994)*
*Rural West Tennessee  African American Affairs Council v. McWherter (1993)*

*Texas*
*Jayla Allen v. Waller County, Texas*
*Dickinson Branch NAACP v. Galveston County (2023)*

*Utah*
*Navajo Nation v. San Juan County (2017),*brief testimony –11 declarations, 2 depositions

**Virginia**
*Smith v. Brunswick County (1991)*
*Henderson v. Richmond County (1988)*
*McDaniel v. Mehfoud (1988)*
*White* v. *Daniel (1989 and 1991)*

**April 30, 2024**

*Wyoming*
*Large v. Fremont County (2007)*

## Other Trial Testimony in Federal Cases Since 2011

**Alabama**
*Stout v. Jefferson County Board of Education (2016)*

**Louisiana**
*Thomas v. School Board of St. Martin Parish (2021, 2022, and 2023)*

**North Carolina**
*NARSOL v. Stein (2021)*

In addition, I have filed expert declarations or been deposed in the following cases that did not require trial testimony. The dates listed indicate the deposition date or date of last declaration or supplemental declaration:

**Alabama**
*McClure v. Jefferson County Commission (2023)*
*People First of Alabama v. Merrill (2020),* (Covid-19 demographics only)
*Alabama State NAACP v. City of Pleasant Grove (2019)*
*Jones v. Jefferson County Board of Education (2019)*
*Voketz v. City of Decatur (2019)*

**Arkansas**
*Mays v. Thurston (2020),* (Covid-19 demographics only)

**Connecticut**
*NAACP v. Merrill (2020)*

**Florida**
*Calvin v. Jefferson County (2016)*
*Thompson v. Glades County (2001)*
*Johnson v. DeSoto County (1999)*
*Burton v. City of Belle Glade (1997)*

**Georgia**
*Dwight v. Kemp (2018)*
*Georgia NAACP et al. v. Gwinnett County, GA (2018)*
*Georgia State Conference NAACP et al v. Georgia (2018)*
*Georgia State Conference NAACP, et al. v. Fayette County (2015)*
*Knighton v. Dougherty County (2002)*
*Johnson v. Miller (1998)*

9

**April 30, 2024**

*Jones v. Cook County (1993)*

**Kentucky**
*Herbert v. Kentucky State Board of Elections (2013)*

**Louisiana**
*Means v. Desoto Parish (2023)*
*Power Coalition for Equity and Justice v. Edwards (2020),* Covid-19 demographics only
*Johnson v. Ardoin (2019*
*NAACP v. St. Landry Parish Council (2005)*
*Prejean v. Foster (1998)*
*Rodney v. McKeithen (1993)*

**Maryland**
*Baltimore County NAACP v. Baltimore County (2022)*
*Benisek v. Lamone (2017)*
*Fletcher  v. Lamone (2011)*

**Mississippi**

*Mississippi State NAACP v. State Board of Election Commissioners (2023)*
*Partee v. Coahoma County (2015)*
*Figgs v. Quitman County (2015)*
*West v. Natchez (2015)*
*Williams v. Bolivar County (2005)*
*Houston v. Lafayette County (2002)*
*Clark v. Calhoun County (on remand)(1993)*
*Teague v. Attala County (on remand)(1993)*
*Wilson v. Clarksdale (1992)*
*Stanfield v. Lee County(1991)*

**Montana**
*Alden v. Rosebud County (2000)*

**North Carolina**
*Town of Ahoskie (1990)*
*Lewis v. Alamance County (1991)*
*Gause v. Brunswick County (1992)*
*Webster v. Person County (1992)*

**Rhode Island**
*Davidson v. City of Cranston (2015)*

**South Carolina**
*Thomas v. Andino (2020),* Covid-19 demographics only
*Vander Linden v. Campbell (1996)*

**April 30, 2024**

**South Dakota**
*Kirkie v. Buffalo County (2004*
*Emery v. Hunt (1999)*

**Tennessee**
*NAACP v. Frost, et al. (2003)*

**Virginia**
*Moon v. Beyer (1990)*

***Washington***
*Montes v. City of Yakima (2014)*
*Glatt v. City of Pasco (2016)*

*# # #*