IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVAN MILLIGAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, *et al.*, <br><br> Defendants. <br><br> MARCUS CASTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-01530-AMM <br><br> THREE-JUDGE COURT <br><br><br><br><br><br> Case No.: 2:21-cv-1536-AMM |

### MILLIGAN AND CASTER PLAINTIFFS' JOINT MOTION TO PREVENT DEFENDANTS FROM CALLING BOBBY SINGLETON AND LEONETTE SLAY AS TRIAL WITNESSES

The *Milligan* and *Caster* Plaintiffs respectfully request under Federal Rule of Civil Procedure 37(c)(1) that the Court preclude Defendants from calling Leonette Slay and Senator Bobby Singleton as witnesses in their cases. Defendants never disclosed Ms. Slay or Senator Singleton as "individual[s] likely to have discoverable information" (or "the subjects of that information") that they "may use to support

1

[their] claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(i), nor were Ms. Slay or Senator Singleton listed as trial witnesses by Defendants, *see* Fed. R. Civ. P. 26(a)(3)(A)(1). The mere fact that Ms. Slay and Senator Singleton were listed by *Plaintiffs* in *Singleton*—a different and non-consolidated case—and that Defendants generally reserved rights to call witnesses disclosed by the other parties within each case, does not suffice.

The Court may excuse the non-disclosure of a witness only if Defendants can prove that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants can meet neither prong here. The failure to disclose is unjustifiable. Defendants long had notice that the parties in one case reserved the right to object to the submission of evidence from another case. *See Milligan*, Doc. 444; *Caster*, Doc. 356. Defendants therefore had a duty to specifically identify any witness they might call in all three cases, regardless of whether that person was listed by a different party in a different case. Defendants' failure to disclose Ms. Slay and Senator Singleton is also prejudicial. For example, because the *Milligan* and *Caster* Plaintiffs had no reason to believe Ms. Slay would be a defense witness, the *Milligan* and *Caster* Plaintiffs did not attend or participate in her deposition.

Because Defendants cannot justify the late disclosure of Ms. Slay and Senator Singleton under either Rule 26 or 37, Defendants should be barred from calling her in *Milligan* and *Caster*.

2

I.  **Defendants Did Not Properly Disclose Senator Singleton or Ms. Slay as Defense Witnesses.**

All parties are required to identify any "individual likely to have discoverable information" that a party "may use to support [their] claims or defenses" and the "subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). This is a continuing duty, requiring the party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Additionally, "a party must provide to the other parties and promptly file . . . . the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(1).

Defendants never listed Ms. Slay or Senator Singleton in either their initial or supplemental *Caster* or *Milligan* disclosures, despite twice deposing Ms. Slay in the *Singleton* case, and twice cross-examining Senator Singleton in the *Singleton* 2022 and 2023 hearings.[1] Defendants also did not disclose these witnesses on their trial witness lists. All Defendants could potentially point to is a reservation of rights in their trial witness disclosure filed in each individual case that the "State Defendants

---

[1] The *Milligan* and *Caster* Plaintiffs also object to any preliminary injunction testimony from Senator Singleton coming into evidence in their cases.

3

reserve the right to call witnesses identified by other parties to *this* case . . . ." *Milligan*, Doc. 395 at 4 (emphasis added); *Caster*, Doc. 310 at 4 (emphasis added).

But that "disclosure" is insufficient for two independent reasons.

*First*, both the rules and the case law have consistently rejected a categorical disclosure of witnesses that fails to name a specific individual. Rather, "the text of Rule 26 does not contemplate categorical disclosure–it says 'name.'" *Crompton v. Tuskegee Univ.*, No. 3:14-CV-1189-CDL, 2016 WL 9735710, at *9 (M.D. Ala. July 8, 2016). Therefore, a "catchall reference" "does not satisfy the requirements for a Rule 26 disclosure," which requires individual identification. *Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017). Because of the plain text of this rule, "courts have routinely found broad categorizations of witnesses . . . to be insufficient to identify witnesses." *Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-CV-76-DMB-JMV, 2018 WL 3058870, at *3 (N.D. Miss. June 20, 2018) (citing cases); *see also United States ex rel. Reddell v. DynCorp Int'l LLC*, No. 1:14-CV-86, 2021 WL 3406612, at *1-2 (E.D. Tex. Jan. 21, 2021); *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010). "The use of [a] catch-all in the disclosures does not comply with the purpose of Federal Rule of Civil Procedure 26, which is to prevent gamesmanship and surprise." *Haro v. GGP-Tucson Mall LLC*, No. CV-17-00285-TUC-JAS, 2019 WL 369269, at *1 (D. Ariz. Jan. 30, 2019).

*Second*, even if a catchall disclosure or reservation of rights could be sufficient (and it is not), Defendants did not even provide such a disclosure for Ms. Slay and Senator Singleton. As both the Court and the parties know and have agreed, "the three cases" here have consistently proceeded together "without being formally consolidated." *Milligan*, Doc. 444 (citing *Milligan*, Doc. 330 at 7), *Caster*, Doc. 356 (citing *Caster*, Doc. 272 at 7). When Defendants filed their list of trial witnesses in *Milligan* and in *Caster*, each of those filings stated that the "State Defendants reserve the right to call witnesses identified by other parties to this case . . ." *Milligan*, Doc. 395 at 4; *Caster*, Doc. 310 at 4. In other words, Defendants' reservation covers witnesses called by the *Milligan* Plaintiffs in *Milligan*, and the *Caster* Plaintiffs in *Caster*, not the *Singleton* Plaintiffs in *Milligan* or *Caster*.

Thus, Defendants failed to properly disclose Ms. Slay and Senator Singleton as witnesses in the *Milligan* or *Caster* cases.

## II. **Defendants' Failure to Properly Disclose Ms. Slay and Senator Singleton as Potential Witnesses in Their Case is Neither Substantially Justified nor Harmless.**

If a party fails to "identify a witness as required" as required under Rule 26, "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether Defendants can satisfy their burden, the Court considers "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose

5

the witness earlier; and (3) the prejudice to the opposing party if the witness [is] allowed to testify." *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). All three prongs here favor Plaintiffs.

*First*, Defendants cannot credibly contend that Senator Singleton and Ms. Slay's testimony is "important[t]" to their defense in *Milligan* and *Caster*. Even in *Singleton*, despite twice taking Ms. Slay's deposition and twice cross-examining Senator Singleton, Defendants did not specifically identify them as trial witnesses. *Singleton*, Doc. 262. Defendants now say that Ms. Slay's testimony about "how splitting Jefferson County hurts voters when they have two representatives of different parties" is "relevant to the reasonable construction of the districts in south Alabama." Tr. 883:17-21. But, as contemplated by the State's own "Legislative Findings," MX31, in any plan, five or six counties will need to be split to meet one-person-one-vote requirements. *See also* Tr. 297:14-17 (Duchin). Ms. Slay's individual preference that *her* county be kept whole has no bearing on the requirements of the Voting Rights Act. Likewise, Ms. Slay's testimony about "voting coalitions and biracial coalitions" means little without any expert testimony to support it. Tr. 883:23-25. Dr. Liu has already testified that voting is racially polarized in Jefferson County. Tr. 559:23-560:7. In his 2021 report, Dr. Hood (Defendants' expert) agreed with Dr. Liu's assessment. MX18 at 13 (Dr. Hood's analysis of racially polarized voting in Jefferson County); *see also* Tr. 597:24-598:9

6

(Dr. Liu agreeing with Dr. Hood's finding of racially polarized voting in his initial 2021 report). Ms. Slay's lay opinion cannot overcome the undisputed expert evidence to the contrary. Ms. Slay's opinions on the extent to which "black and white voters shar[e] issues" in Jefferson County, Tr. 883:23-25, also has no bearing on the issue of dilution in the Black Belt. Defendants thus cannot identify any way in which Ms. Slay's testimony is even *relevant*—let alone important—to the *Caster* or *Milligan* cases.

As far as Senator Singleton, the same holds true concerning his lay opinion about crossover voting in Jefferson County—a county he does not represent and does not live in. Regardless, the *Milligan* and *Caster* Plaintiffs understand that Senator Singleton supports the Court-ordered map and does not mind the split in Jefferson County. *See Singleton*, Doc. 236 at 20; *Singleton*, Doc. 210 at 27–28. Accordingly, any testimony from Senator Singleton about a preferred whole-Jefferson County plan is outdated at best and wholly irrelevant at worst. *See League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 429-30 (2006) (rejecting the idea that a § 2 plaintiff has the right be placed in his or her preferred remedial district). Again, had Defendants believed Senator Singleton might have important testimony for their case, they would have noted him as a potential or likely witness. Yet they did not.

*Second*, Defendants had no reason for failing to disclose Ms. Slay and Senator Singleton as trial witnesses. The Parties have long operated under the explicit

7

understanding that the cases are not consolidated and that each party can object to evidence in one case coming in from another case. *See Singleton* Doc. 231 at 7; *Milligan* Doc. 330 at 7; *Caster* Doc. 272 at 7. The Parties recently agreed that this understanding will continue to govern at trial. *Milligan*, Doc. 444; *Caster*, Doc. 356. Indeed, in the 2023 proceedings, the Court set different hearing dates to keep the Section 2 evidence from the *Milligan* and *Caster* cases separate from the irrelevant evidence offered in *Singleton*. *Singleton v. Allen*, 690 F. Supp. 3d 1226, 1245-46 (N.D. Ala. 2023) (three-judge court). Defendants were unquestionably on notice that the *Caster* and *Milligan* Plaintiffs might again seek to separate their evidence from the *Singleton* case. Defendants, therefore, were required to properly disclose Ms. Slay and Senator Singleton before calling them as witnesses in *Milligan* or *Caster*.

*Third*, Defendants cannot show that their late disclosure of Senator Singleton and Ms. Slay is harmless to Plaintiffs. In the absence of a specific disclosure, neither the *Caster* nor *Milligan* Plaintiffs had any reason to believe that Defendants might call Ms. Slay or Senator Singleton as defense witnesses. For that reason, the *Milligan* and *Caster* Plaintiffs never deposed Ms. Slay, nor did these Plaintiffs attend her deposition. Forcing the *Milligan* and *Caster* Plaintiffs to attempt to cross Ms. Slay without the benefit of a deposition or requiring them to take her deposition mid-trial would hamper the Parties' ability to focus on trial itself. *See, e.g.*, *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, No. 2:08-CV-390, 2013 WL 12178523, at *2 (S.D.

8

Ohio Aug. 29, 2013) (holding that the opportunity for the plaintiff to depose late-disclosed witnesses "more than a month before trial" would be prejudicial given the "relative complexity of the case" and the "significant amount of preparation to do before even deposing" the witness). Similarly, because the Court granted the Parties' request to hear the *Caster* and *Milligan* cases separately from *Singleton* in 2023, the *Milligan* and *Caster* Plaintiffs were absent from the 2023 *Singleton* hearing where Senator Singleton testified extensively about the 2023 plan. Thus, because the *Milligan* and *Caster* Plaintiffs did not have the chance to cross-examine Senator Singleton, they cannot now be forced to accept his prior testimony into their cases.

For the foregoing reasons, the *Milligan* and *Caster* Plaintiffs respectfully request that the Court preclude Defendants from calling Ms. Slay and Senator Singleton as witnesses in either of their cases.

Respectfully submitted this 17th day of February 2025.

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*

*/s/ Sidney M. Jackson*
Sidney M. Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS CHILDS PANTAZIS
 FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203
(205) 341-0498
sjackson@wigginschilds.com

Davin M. Rosborough*
Theresa J. Lee*

9

Colin Burke*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org
cburke@naacpldf.org

David Dunn*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Michael Turrill*
Harmony A. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

Dayton Campbell-Harris*†
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
tlee@aclu.org
dcampbell-harris@aclu.org

Alison Mollman (ASB-8397-A33C)
Laurel Hattix (ASB-4592-E20I)
AMERICAN CIVIL LIBERTIES
UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org

Shelita M. Stewart*
Jessica L. Ellsworth*
Amanda Allen*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
shelita.stewart@hoganlovells.com

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

*Counsel for Milligan Plaintiffs*
*Admitted Pro Hac Vice*
† Practice limited to federal court

*s/ Abha Khanna*
Abha Khanna*
**Elias Law Group LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
(206) 656-0177
AKhanna@elias.law

Lalitha D. Madduri*
Richard A. Medina*
Qizhou Ge*
**Elias Law Group LLP**
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
(202) 968-4490
LMadduri@elias.law
RMedina@elias.law
AGe@elias.law

***Attorneys for Caster Plaintiffs***
*\*Admitted Pro Hac Vice*

Richard P. Rouco
(AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com