# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARCUS CASTER, LAKEISHA CHESTNUT, BOBBY LEE DUBOSE, BENJAMIN JONES, RODNEY ALLEN LOVE, MANASSEH POWELL, RONALD SMITH and WENDELL THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his official capacity as Alabama Secretary of State, <br><br> Defendant, <br><br> and <br><br> CHRIS PRINGLE and JIM McCLENDON, <br><br> Intervenor-Defendants. | Case No. 2:21-CV-1536-AMM |

## PLAINTIFFS' RULE 15(b) MOTION TO AMEND THEIR COMPLAINT

The Plaintiffs in the above-captioned action ("*Caster* Plaintiffs") respectfully move to amend their complaint to conform to the evidence presented at trial under Fed. R. Civ. P. 15(b)(2). The proposed Second Amended Complaint ("SAC"), attached hereto as Exhibit A, incorporates a claim for intentional vote dilution under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. A redline showing the

- 1 -

changes from the operative First Amended Complaint is attached as Exhibit B. Counsel for Secretary Allen has indicated that Defendants oppose the motion.

## Background

The *Caster* Plaintiffs filed their operative First Amended Complaint ("FAC") on January 31, 2024. *Caster* Doc. 271. The FAC alleges a single count of vote dilution in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. *Id.* at 41–43. Though not formally consolidated, this action has proceeded in tandem with two other actions challenging Alabama's congressional map: *Milligan v. Allen*, No. 2:21-cv-1530, and *Singleton v. Allen*, No. 2:21-cv-1291. The *Milligan* Plaintiffs, in addition to claiming vote dilution under Section 2 of the Voting Rights Act, claim that SB 5 (the "2023 Plan")—the map enacted by the Alabama legislature in response to this Court's preliminary injunction order—was passed "with the intent to dilute the vote of Black Alabamians in violation of the Fourteenth Amendment to the U.S. Constitution . . . and Section 2 of the Voting Rights Act." *Milligan*, Doc. 329 at 73; *see also Milligan*, Doc. 1 at 50–52 (challenging the previously enacted map, HB1, as intentionally discriminatory in violation of the Fourteenth Amendment).[1]

---

[1] The *Singleton* Plaintiffs also plead an intentional discrimination claim under the Fourteenth Amendment, albeit on a somewhat different theory from that put forward by the *Milligan* Plaintiffs. *See Singleton*, Doc. 229 at 43–44.

- 2 -

Throughout the litigation of these related matters, the parties have "agreed that the three cases should continue to proceed together, without being formally consolidated, and that evidence introduced in any case may be considered in every case subject to the objection of either a party to the case from which the evidence originates or the case in which the evidence is being introduced." *Caster*, Doc. 356 at 2 (cleaned up). The parties have expressly agreed that this understanding will "continue to govern at trial." *Id.*; *see also* Trial Tr. Day 1 at 15:6–11 ("[T]he parties have stipulated . . . the evidence introduced in any case may be considered in every case subject to the objection of either a party to the case from which the evidence originates or the case in which the evidence is being introduced."). Trial of these three matters began on February 10, 2025, and is ongoing.

## Argument

The Court should grant leave to file the SAC to conform the issues pleaded with those actually tried. "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2); *see also Doe #6 v. Miami-Dade County*, 974 F.3d 1333, 1335 (11th Cir. 2020) ("Rule 15(b) allows parties to add unpled issues to a case if those issues have been tried with the express or implied consent of the parties."). The purpose of

the rule is to "avoid a parsing of the pleadings by the losing party in hopes that some issue, patently tried out with the knowledge of all, was not raised in them." *Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 420 (5th Cir. 1981).

Here, Defendant and Intervenor-Defendants (collectively "Defendants") have impliedly consented to the trial of the intentional discrimination claim pleaded in the SAC by agreeing that all evidence presented in *Milligan* may be considered in *Caster*. "The presence of implied consent depends on whether the parties recognized that an issue not presented by the pleadings entered the case at trial." *Doe # 6*, 974 F.3d at 1339 (internal quotation marks omitted) (citation omitted). The single claim added by the SAC is the same as a claim already being tried in the *Milligan* matter— that Alabama "enacted SB5 with the intent to dilute the vote of Black Alabamians in violation of . . . Section 2 of the Voting Rights Act . . . ." *Milligan* Doc. No. 329 at 73. To date, no party has objected to the consideration in *Caster* of evidence introduced in *Milligan*, and vice versa. The trial records in the two cases overlap completely. The Defendants' assent to this arrangement plainly demonstrates their implied consent to the trial of intentional discrimination claims in both *Milligan* and *Caster*.

The Defendants will not be prejudiced by the addition of an intentional vote dilution claim to the *Caster* case. *See Doe #6*, 974 F.3d at 1339 ("Implied consent under Rule 15(b) will not be found if the defendant will be prejudiced; that is, if the

defendant had no notice of the new issue, if the defendant could have offered additional evidence in defense, or if the defendant in some other way was denied a fair opportunity to defend." (cleaned up)). "Determining whether amendment will be prejudicial requires determining whether the defendant had a fair opportunity to defend and whether the defendant could offer any additional evidence if the case were to be retried on a different theory." *Hall v. Merola*, 67 F.4th 1282, 1298 (11th Cir. 2023) (cleaned up); *see also Doe #6*, 974 F.3d at 1340 ("Prejudice in Rule 15(b)'s context means a lack of opportunity to prepare to meet the unpleaded issue."). Defendants here had more than sufficient notice of the issue because it was pleaded in both the Complaint and the Amended Complaint in *Milligan*. And they have had every opportunity and incentive to offer evidence in defense of the substantively identical intentional discrimination claims pleaded by the *Milligan* plaintiffs. There is therefore no reason to believe that Defendants "would have made different choices at trial" had they anticipated both plaintiff groups would plead substantively identical intent claims. *Doe #6*, 974 F.3d at 1341.

## Conclusion

The *Caster* Plaintiffs respectfully request that the Court grant leave to file the SAC under Rule 15(b)(2).

Dated: February 24, 2025				Respectfully submitted,

					By /s/ Abha Khanna

| | |
|---|---|
| Richard P. Rouco | Abha Khanna* |
| (AL Bar. No. 6182-R76R) | **Elias Law Group LLP** |
| **Quinn, Connor, Weaver, Davies & Rouco LLP** | 1700 Seventh Ave, Suite 2100 |
| Two North Twentieth | Seattle, WA 98101 |
| 2-20th Street North, Suite 930 | Phone: (206) 656-0177 |
| Birmingham, AL 35203 | Email: AKhanna@elias.law |
| Phone: (205) 870-9989 | |
| Fax: (205) 803-4143 | Lalitha D. Madduri* |
| Email: rrouco@qcwdr.com | Richard A. Medina* |
| | Qizhou Ge* |
| | **Elias Law Group LLP** |
| | 250 Massachusetts Ave. NW, Suite 400 |
| | Washington, D.C. 20001 |
| | Phone: (202) 968-4518 |
| | Email: LMadduri@elias.law |
| | Email: RMedina@elias.law |
| | Email: AGe@elias.law |

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will provide electronic notice of filing to all counsel of record.

                                         */s/ Abha Khanna*
                                         Abha Khanna
                                         Counsel for Plaintiffs