**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARCUS CASTER**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:21-cv-1536-AMM** |
| | ) | |
| **WES ALLEN**, *in his official capacity as Alabama Secretary of State*, *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This redistricting case is one of three cases currently pending in the Northern District of Alabama that allege that Alabama's congressional electoral map is intentionally discriminatory in violation of the United States Constitution and/or dilutes the votes of Black Alabamians in violation of the Voting Rights Act of 1965, 52 U.S.C. § 10301: *Singleton v. Allen*, Case No. 2:21-cv-1291-AMM, and *Milligan v. Allen*, Case No. 2:21-cv-1530-AMM, challenge the map on constitutional and statutory grounds, and this case challenges the map on statutory grounds only. It is currently before the Court on a fully briefed motion for a preliminary injunction, Docs. 437, 440, 441, and following a hearing, Doc. 438.

The Court adopts the order entered contemporaneously in *Milligan* and *Singleton*, *Milligan* Doc. 537; *Singleton* Doc. 363, as though it were fully set forth

1

herein. The Court concludes that the *Caster* plaintiffs are likely to succeed on their claim that the 2023 Plan violates Section Two of the Voting Rights Act under the standard set forth in *Louisiana v. Callais*, 146 S. Ct. 1131 (2026).

The *Caster* Plaintiffs' motion for preliminary injunctive relief is therefore **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** to the extent that it requests we require the Secretary to certify and canvass the results from Alabama's May 19 primary elections. *Singleton* Doc. 357 at 19; *Milligan* Doc. 531 at 37. As the Court understands it, those election results (and/or any such certification) became void under an Alabama law that no party asks us to enjoin. *See* Ala. Code § 17-13-3.1(d). And it is **DENIED** to the extent that it requests preliminary relief to preserve the status quo, because under controlling precedent the 2023 Plan is the status quo *ante*.

The motions are **GRANTED** only as follows, and pursuant to Federal Rule of Civil Procedure 65(d), the Court **PRELIMINARILY ENJOINS** the Alabama Secretary of State from conducting the 2026 congressional elections according to the 2023 Plan.

The Court further **ORDERS** the Alabama Secretary of State to administer all remaining events comprising Alabama's 2026 congressional elections according to the Special Master Plan (appended to the Order in *Milligan* and *Singleton* as Appendix E). The part of the Court's preliminary injunction set forth in this

2

paragraph **EXPIRES** upon Alabama's legislative enactment of a new congressional districting plan.

The Court expressly leaves to the State's discretion how it addresses candidate qualification and other matters for the remaining events in Alabama's 2026 congressional elections.

The *Caster* Plaintiffs should adhere to the scheduling order set forth in *Milligan* and *Singleton*.

Compliance with the preliminary injunction entered in *Milligan* and *Singleton* constitutes compliance with this preliminary injunction.

**DONE** and **ORDERED** this 26th day of May, 2026.



**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE